## Lynch v. Martin et al.

*James Bowen*, for plaintiff.

*Achey & Power*, for Glenn Martin, defendant.

*Eastburn & Gray*, for David R. Cordel, defendant.

BIESTER, J., July 8, 1954.—Defendant, David R. Cordel, has filed preliminary objections to plaintiff's complaint in the nature of a demurrer and a motion for a more specific pleading.

The preliminary objections before us involve the determination of the question of the sufficiency of the complaint as averring a valid cause of action against defendant Cordel.

An examination of the complaint discloses facts of the following nature, which for our present purpose we must consider as being true:

On September 12, 1953, at about 1:45 in the morning, daylight saving time, plaintiff was a guest passenger in an automobile operated by one Edward Cunningham. While this car was being operated in a westerly direction on the County Line Road at, or near, the intersection of the County Line Road with the Meeting House Road in Warminster Township, this county, it was struck by an automobile then being operated by defendant Cordel, who was proceeding on the same road in the same direction. Immediately after the collision and after Cunningham had parked his automobile "on the side of the road", Cunningham and plaintiff alighted therefrom and crossed the highway from the southerly side thereof where the Cunningham vehicle was evidently parked, and in proceeding toward the northerly side of the highway, plaintiff was struck by an automobile being operated by defendant Martin who was proceeding in an easterly direction on the County Line Road. As a result of the secondary acci-

dent, plaintiff suffered numerous and severe injuries for which he now seeks recovery.

It is clear from the complaint that two accidents were involved. Assuming that defendant Cordel was negligent in the operation of his automobile as a result of which a collision took place between the Cunningham vehicle and the Cordel vehicle, has plaintiff pleaded sufficient facts, which, if established, would render defendant Cordel in any way responsible for the consequences of the secondary accident? It is the contention of Cordel that the complaint sets forth a superseding cause and that the negligence of defendant Martin is the only proximate or legal cause of the injuries suffered by the plaintiff.

The actor's negligent conduct becomes a legal cause of another's harm if (a) his conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm: A. L. I. Restatement of the Law of Torts, §431. See, also, Pilvelis et al. v. Plains Township et al., 140 Pa. Superior Ct. 561, 567; Biearman v. Allegheny County, 145 Pa. Superior Ct. 330, 334, which hold that our Pennsylvania decisions are generally in accord with the principles enunciated in the restatement on the question of proximate cause.

The former element (a) deals with causation and the latter (b) with certain policies of law which relieve the actor of liability for the harm he has, as a matter of fact, caused. If in point of fact, the actor's conduct is not a substantial factor in bringing about the harm, then the secondary factors which relieve him from liability, such as superseding cause, do not come into operation. Our problem, then, in the first instance is to determine whether the actor's conduct is a substantial factor in bringing about the harm. If the answer to this question be in the negative, that is to

say, if the court concludes that it is not reasonably inferable from the facts set forth in the pleading that the actor's negligence was a substantial factor in bringing about harm to plaintiff, the question becomes one for the court: A. L. I. Restatement of the Law of Torts §434; Tremaine, Executrix, v. H. K. Mulford Company, 317 Pa. 97.

In such a situation the problem of a superseding cause does not arise, since "a superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another *which his antecedent negligence is a substantial factor in bringing about*": A. L. I. Restatement of the Law of Torts §440. (Italics supplied.)

Section 433 of the A. L. I. Restatement of the Law of Torts sets forth certain criteria to be considered in determining whether the actor's conduct is a substantial factor in bringing about the harm. Specifically they are:

"(a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;

"(b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;

"(c) lapse of time."

It is our impression that in such a case as this, the (b) factor is particularly significant. It appears clear to us that the negligence, if any, of Cordel created no force which was in continuous and active operation up to the time of the harm, but on the contrary the effect of Cordel's negligence had ceased to be an operative force at the time of the second accident.

It might be argued that Cordel's negligence was a cause sine qua non, but this factor is the absolute mini-

mum requirement in holding the defendant responsible, for, in addition, such negligence must be a legal cause, that is to say, a substantial factor in bringing about the harm and not merely a circumstance of, or supplying the occasion therefor.

We have found no case in Pennsylvania or elsewhere which holds that the original tortfeasor may be held responsible for injuries arising out of the negligence of the second tortfeasor, where the negilgence of the first tortfeasor has terminated, and has not created a situation or condition of potential danger. In the present case no such static condition or area of hazard was created by Cordel and in existence at the time the alleged negligence of defendant Martin came into operation.

The situation, therefore, is clearly distinguishable from the many cases in Pennsylvania as exemplified by Kline v. Moyer and Albert, 325 Pa. 357; Jeloszewski v. Sloan, 375 Pa. 360, and Vogel et al. v. Stupi et al., 357 Pa. 253, which involve the question of intervening and superseding cause in those situations in which an area of potential danger has been created by the negligence of the original tortfeasor. The rules set forth in such cases have no application here, since in these cases the actor's negligent conduct was in active and continuous operation at the time of the intervening or superseding act and the original tortfeasor's conduct, therefore, might well be considered a substantial factor in bringing about the accident. In such cases an examination of the evidence is required in order to determine whether the second tortfeasor's negligence intervened and became a superseding cause.

Our view of the present case would, of course, be materially altered if the complaint averred that plaintiff had been projected into a potentially dangerous situation as a result of the primary accident, or had suffered injuries in the first accident, which con-

tributed to his subsequent inability to avoid the second. It is conceivable that the complaint does not adequately reflect the factual situation and that, in light of the views herein expressed, plaintiff may wish to amend. We do not wish to preclude his doing so, and therefore make the following

*Order*

Now, to wit, July 8, 1954, Preliminary objection no. 1 in the nature of a demurrer is sustained, and judgment on the pleadings entered in favor of defendant David R. Cordel and against plaintiff Robert Lynch, unless plaintiff shall amend his complaint within 20 days from this date, leave being hereby granted to do so.