Joseph H. Newhouse, Harry J. Foster and Mary H. Varallo, Individually and on behalf of themselves and all other Court Stenographers similarly situated *v.* Board of Pensions and Retirement of the City of Philadelphia and The City of Philadelphia. Board of Pensions and Retirement of The City of Philadelphia and The City of Philadelphia, Appellants.

Argued October 5, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers and Blatt.

*John M. McNally, Jr.,* First Deputy City Solicitor, with him *Sheldon L. Albert,* City Solicitor, for appellants.

*Steven E. Angstreich,* with him *Krimsky, Luterman, Stein & Levy,* P.C., for appellees.

OPINION BY JUDGE BLATT, December 20, 1977:

This is an appeal by the Board of Pensions and Retirement of the City of Philadelphia and the City of Philadelphia (Appellants) from an adverse decision by the Court of Common Pleas of Philadelphia County.

In September of 1968, the Appellees, Joseph H. Newhouse, Harry J. Foster, and Vincent Varallo (now deceased), commenced a class action in mandamus to compel the City of Philadelphia to compute the pensions of Official Court Stenographers on the basis of both their base annual salaries and their transcription fees and to accept contributions into a pension fund with respect to such transcription fees. The class represented by the named Appellees consisted of all Official Court Stenographers employed by the Common Pleas Court of Philadelphia prior to July 1, 1969 and who retired or will have retired prior to June 1975. All members of the class have retired.

Appellees, and members of the class, performed two services in the course of their duties. First, they took notes of testimony in court proceedings for which they received a base annual salary. Second, they transcribed the notes of testimony for which they received fees in accordance with Section 8 of the Act of May 1,

1907, P.L. 135, *as amended*, 17 P.S. §1810. Payment for both services was made by the City of Philadelphia, with the transcription fees being paid upon order of the presiding judge.[1]

The narrow issue before us is whether transcription fees must be included in the pension base of the Appellees under the Municipal Retirement System Ordinance of 1956 (Ordinance), *as amended*. It is undisputed that the definition of "compensation" in Section 201.1(aa) of the Ordinance determines the basis for the computation of retirement pensions of employes of the City of Philadelphia. Section 201.1(aa) defines compensation as "[t]he full amount of salary paid for personal services to any employee of the City of Philadelphia as appears on the City payroll."

At the outset, we must examine the Appellees' contention that this case is controlled by our Supreme Court's decision in *Rockwell v. York County Retirement Board*, 405 Pa. 406, 175 A.2d 831 (1961). In that case, the Court concluded that under the Fourth Class County Retirement Law[2] the basis for computation of a court stenographer's pension benefits includes both the stenographer's salary and transcript and folio fees. The Court so concluded based upon the following reasoning:

> Under Section 1623 of the 'County Code,'[3] the salary board . ... shall fix the *compensation* of all stenographers appointed by judges of the

---

[1] By agreement between the Association of Official Court Reporters and the City and County of Philadelphia, transcription fees are no longer paid by the court. This agreement apparently was the result of an increase in annual base salary from $10,063 to $14,500 worked out in a 1969 collective bargaining agreement.

[2] Act of July 8, 1941, P.L. 298, *as amended*, 16 P.S. §11561 et seq. (Repealed by Section 32(2) of the Act of August 31, 1971, P.L. 410, No. 96.)

[3] Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §1623.

county. Section 1 of the Act of June 28, 1951, P.L. 936 (17 P.S. §1810) provides that every 'official stenographer' shall be paid, in addition to the compensation otherwise provided, 25¢ for each one hundred words of every copy of the stenographic notes and of other matters in connection with the business of the court and 10¢ for each one hundred words of every copy given to counsel or parties and payment thereof shall be made by the county upon order of the presiding judge. Compensation payable to court stenographers, therefore, by *statute* comprises *both* a salary and folio and transcript fees, the said fees arising from business connected with the court or ordered paid by the presiding judge. (Emphasis in original) (footnote renumbered.)

405 Pa. at 414, 175 A.2d at 835.

The City contends that *Rockwell* is inapposite to the present case because Section 201.1(aa) of the Ordinance specifically defines compensation to include only an employe's "salary." While we might otherwise find the City's arguments in support of its position to be persuasive, a peculiar aspect of the *Rockwell* decision compels our affirmance of the decision of the court below.

Our examination of the Fourth Class County Retirement Law reveals that the act itself did not use the term "compensation" with regard to benefits or contributions. The act spoke only in terms of "salary" or "annual salary." The Court's use of the term "compensation" stemmed, as is indicated by the quote, from Section 1623 of the County Code. It is apparent, therefore, that in order for the Court's reasoning to support its conclusion, the Court must have equated the word "salary" as it is used in the Fourth Class

County Retirement Law with the word "compensation." This is, in fact, what the lower court, affirmed in *Rockwell,* concluded. *Rockwell Estate v. York County Retirement Board,* 75 York 9 (1962). Additionally, the Supreme Court cited with approval the case of *Christ v. Berks County Retirement Board,* 36 Berks 169 (1943), which also concluded that "salary" within the meaning of a retirement act should include all forms of compensation for services rendered. Both the lower court in *Rockwell* and the court in *Christ* relied on the case of *Kelly v. Loveland,* 141 Pa. Superior Ct. 455, 15 A.2d 411 (1940), wherein the Superior Court stated:

The connotation to be placed upon the term 'salary' must depend upon the sense in which it is used and the purpose sought to be achieved. Here we are concerned with placing an interpretation upon it which 'harmonize[s] with the spirit and purpose of the retirement acts.' Kane v. Policemen's Fund et al., 336 Pa. 540, 546, 9 A.2d 739, 742.

Basically, 'salary' is compensation for services rendered. As to this, there is complete accord. The only difference of opinion arises as to whether it must be fixed and certain in amount by the terms of the contract of employment or may be variable in amount on a percentage basis. If we adopted appellants' contention, employees paid on a percentage basis would be deprived of the benefit of the ordinance in question. In the case at bar, appellee, though he rendered important services and received substantial compensation, would be entitled to only nominal retirement pay, a result incompatible with the spirit and purpose of the ordinance. The fair and reasonable intendment of the term

'salary,' as used therein, is that it embraces the entire compensation paid to the employee for the services rendered by him.

141 Pa. Superior Ct. at 462-63, 15 A.2d at 415.

While it is true that *Kelly* may be distinguished from the present case in that the Appellees here would not be left with only a "nominal" retirement pay if transcript fees were omitted from the pension base, *Rockwell* cannot be distinguished on that basis.[4]

We do *not* conclude from the precedents that the drafters of a retirement law are bound to include all forms of compensation for services rendered in the basis for computing contributions and benefits. We do conclude that where the law is less than precise with regard to what constitutes the pension base, the term "salary" should, in light of the spirit and purposes of retirement laws, be held to include all forms of compensation for services rendered to the employer. In the present case, we agree with the court below that the Ordinance's definition of compensation as "[t]he full amount of salary paid for personal services to any employee of the City of Philadelphia as appears on the City payroll" is not without ambiguity *in light of the precedents*. We likewise agree with the lower court that the City has failed to produce such evidence as to resolve that ambiguity in its favor.

We affirm.

ORDER

AND Now, this 20th day of December, 1977, the Order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

---

[4] There was a difference of less than $1,400 in the pension base in *Rockwell* as computed with and without inclusion of transcript and folio fees. Our review of the record discloses that the difference in the case of each of the named Appellees here is significantly larger both in dollar amounts and proportionately.