York Paid Firemen's Pension Fund Board of York City, Pa., Appellant *v.* Frederick J. Orendorff, Appellee.

Argued June 6, 1980, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Donald B. Hoyt,* Assistant City Solicitor, for appellant.

*James B. Leckrone,* with him, *Carl H. Cordes,* for appellee.

OPINION BY JUDGE MENCER, September 9, 1980:

The sole issue in this appeal by Frederick J. Orendorff (claimant) is whether the York Paid Firemen's Pension Fund Board (Board) should include longevity increments[1] paid to a fireman in computing his retirement pension. Section 6 of York City Ordinance 16-1947, *as amended,* York Administrative Code §171.-06 (1947), provides that claimant shall receive a pension equal to ''one-half the yearly salary of such member at the time of his retirement.'' ''Salary'' is not defined in the ordinance, and we are asked to determine the dimensions of that term.[2]

Claimant, relying on *Newhouse v. Board of Pensions,* 33 Pa. Commonwealth Ct. 81, 380 A.2d 1315 (1977); *Kelly v. Loveland,* 141 Pa. Superior Ct. 455, 15 A.2d 411 (1940); and *Christ v. Berks City Retirement Board,* 36 Berks 169 (1943), argues that the term ''salary'' includes the entire compensation paid to him for his services rendered to the fire department. Although we agree that, in the abstract, ''salary'' is

---

[1] Longevity increments are amounts paid, in addition to base salary, to firemen on the basis of length of service to the fire department. Here, the longevity increments were 2 percent of base salary after 5 years of service, 4 percent after 10 years, 6 percent after 15 years, and 8 percent after 20 years.

[2] This definitional vacuum has been filled for those employees who are appointed to the fire department on or after January 2, 1978. Section 1 of York City Ordinance 22-1977, York Administrative Code §171.13 (1977), has established a pension for these employees on the basis of "average monthly compensation," and specifically defines "monthly compensation" as "basic monthly compensation *plus longevity payments* but excludes overtime pay, educational incentive payments, acting officers pay, bonuses, payments in lieu of dependent's health insurance costs and other special forms of compensation." (Emphasis added.)

broad enough to encompass longevity increments, nevertheless, in the pension area,

> [t]he connotation to be placed upon the term 'salary' must depend upon the sense in which it is used and the purpose sought to be achieved. Here we are concerned with placing an interpretation upon it which 'harmonizes with the spirit and purpose of the retirement acts': Kane v. Policemen's Fund et al., 336 Pa. 540, 546, 9 A.2d 739, 742.

*Kelly v. Loveland, supra* at 462, 15 A.2d at 415.

With this in mind, we note that Section 4 of the ordinance, York Administrative Code §171.04, provides that each member must *contribute* to the fund "the amount of four percent of the salary of each paid member of the Fire Department . . . ." In *Rockwell v. York County Retirement Board*, 405 Pa. 406, 415 & n. 12, 175 A.2d 831, 836 & n. 12 (1961), our Supreme Court concluded that the retirement benefit of a court stenographer was to be computed on the basis of salary plus folio and transcript fees, in part because "[c]ontribution to the system by a court stenographer must be calculated on the salary plus folio and transcript fees." (Emphasis added.) Likewise, here, we believe that it would be inconsistent, inequitable, and contrary to the purpose of the pension law for claimant to receive a pension computed on the basis of his salary plus longevity increments, while contributing to the system solely on the basis of his salary.[3]

Unfortunately, we are unable to determine from this record how contributions to the fund are made. Therefore, we must remand this matter to the court below, with the instruction that, if claimant has contributed to the fund on the basis of his salary plus

---

[3] [W]hatsoever a man soweth, that shall he also reap. *Gal.* 6:7 (King James).

longevity increments, then he is entitled to receive a pension computed on the same basis. If, however, he has contributed on the basis of his salary without longevity increments, then he would be entitled to a pension only on that basis.

Order vacated and record remanded.

#### ORDER

AND Now, this 9th day of September, 1980, the order of the Court of Common Pleas of York County in the above captioned matter, dated July 6, 1979 and October 31, 1979, is hereby vacated, and the record is hereby remanded to said court for proceedings consistent with this opinion.