OPINION OF THE COURT
Anthony J. Ferraro, J.
Petitioner makes this application pursuant to CPLR article 78 for an order (1) annulling the final determination of respondents fixing petitioner’s supplemental retirement benefit at $3,013.25 per annum, and (2) adjudging that the supplemental retirement be fixed at $7,383.52 per annum effective October 11, 1980 when petitioner retired.
Petitioner was appointed to the Fire Department of the City of Yonkers on October 16, 1958. He served in his capacity as a fireman until February 24, 1977 when he sustained a tear of the deltoid muscle and rotary cuff of the right arm and shoulder while fighting a fire. He has been incapacitated ever since. At the time of his injury petitioner had attained the rank of fire lieutenant and was receiving an annual salary of $29,534.08 which included base pay, longevity pay, check-in/check-out pay, night differential and holiday pay.
Respondents continued to pay petitioner his annual salary of $29,534.08 from the date of his injury on February *581 24, 1977 until the date of his retirement on October 11, 1980.
The New York State Policemen’s and Firemen’s Retirement System received an application from respondents for the involuntary retirement of petitioner together with petitioner’s wage and salary records and computed his salary for retirement purposes at $29,534.08.
Pursuant to section 207-a of the General Municipal Law a fireman injured in the performance of his duties must be paid the full amount of his regular salary or wages until his disability ceases and if he is granted a disability retirement the municipality must pay him the difference between his disability retirement and the amount of his regular salary or wages.
The respondents contend that petitioner’s regular salary or wages are to include only his base pay plus longevity pay and no other elements.
The court cannot accept respondents’ narrow interpretation of the terms “regular salary or wages.” Respondents paid petitioner an annual salary of $29,534.08 on a regular basis for over three and one-half years immediately prior to their submission of his name for involuntary retirement. The New York State Retirement System considered these regular salary payments in arriving at their 75% allowance. Respondents are now required to add 25% of such regular salary: The legislative intent is clear and unequivocal that a fireman disabled on the job is entitled to be made whole at least to the extent of receiving his full pay.
The court appreciates the financial plight of the City of Yonkers but economies should not be practiced at the expense of devoted men who render valiant service at the risk of their very lives.
Petitioner’s application is granted, the respondents’ determination is annulled and supplemental retirement is directed to be paid at the rate of $7,383.52 per annum effective October 11, 1980.