The Board of Pensions and Retirement of the City of Philadelphia and The City of Philadelphia, Appellants *v.* James A. Bradley, Appellee.

Argued November 18, 1981, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Jill A. Douthett,* Deputy City Solicitor, with her *Judith N. Dean,* Deputy City Solicitor, and *Alan J. Davis,* City Solicitor, for appellants.

*Steven E. Angstreich, Krimsky, Luterman, Levy & Angstreich, P.C.,* for appellee.

OPINION BY JUDGE BLATT, March 4, 1982:

The City of Philadelphia and its Board of Pensions and Retirement (appellants) appeal here from a grant of judgment on the pleadings by the Court of Common Pleas of Philadelphia County.

In February of 1980 James A. Bradley (appellee), an official court reporter who had retired on January

16, 1976, commenced an action in mandamus in which he sought to compel the appellants to compute his retirement benefits on the basis of both his annual salary and his transcription fees and to accept contributions into a retirement fund with respect to such transcription fees in accordance with this Court's decision in *Newhouse v. Board of Pensions*, 33 Pa. Commonwealth Ct. 81, 380 A.2d 1315 (1977).

A motion for judgment on the pleadings is in the nature of a demurrer and, therefore, the trial court must accept all of the well pleaded allegations of the party opposing the motion as true, while only those facts specifically admitted by the party opposing the motion may be considered against him. In reaching its decision, the court may consider only the pleadings themselves and any documents properly attached thereto. To prevail on such a motion, the moving party's right to prevail must be so clear that a trial would clearly be a fruitless exercise. *Keil v. Good*, 467 Pa. 317, 356 A.2d 768 (1976).

In his complaint in mandamus the appellee alleged that the appellants were required to pay transcription fees to official court reporters pursuant to Section 8 of the Act of May 1, 1907, P.L. 135, *as amended*, 17 P.S. §1810, repealed by the Act of April 28, 1978, P.L. 202, effective June 27, 1979, and that, under this Court's holding in *Newhouse*, those fees were to be included as compensation in calculating the retirement benefits of a court reporter. The complaint also stated that the appellee had sought inclusion within the class of plaintiffs in *Newhouse*, but had been excluded because he did not come within the class definition.[1] The appellants filed an answer which contained "New

---

[1] The class of plaintiffs in *Newhouse* was composed of all Official Court Stenographers employed by the Court of Common Pleas of Philadelphia County prior to July 1, 1969 and who retired prior to June 1975.

Matter" in which they relied heavily upon the decision of the Court of Common Pleas which had been specifically limited to the class of plaintiffs involved. They further alleged that this Court's subsequent holding in *Newhouse* was also so limited and that inasmuch as the appellee had not been a member of that class, the holding of this Court did not apply to him and that, therefore, the appellee's compensation for retirement purposes should be computed solely upon the basis of his salary, pursuant to Section 201.1(aa) of the Retirement System Ordinance of 1956, *as amended*.[2] The appellee then filed a reply in which he responded that this Court's decision in *Newhouse* and not that of the Court of Common Pleas was controlling.

The appellee did not dispute that he was not a member of the plaintiff class in *Newhouse*, but argued, rather, that while the holding of the Court of Common Pleas may have been limited to the class of plaintiffs involved, the holding of this Court, upon review, was not so limited. We agree. And, in interpreting the language of Section 201.1(aa) of the Retirement System Ordinance, the same ordinance as is involved in the instant action, we concluded that,

> where the law is less than precise with regard to what constitutes the pension base, the term "salary" should, in light of the spirit and purpose of retirement laws, be held to include all forms of compensation for services rendered to the employer.

*Newhouse*, 33 Pa. Commonwealth Ct. at 86, 380 A.2d at 1317. This interpretation is consistent with prior

---

[2] Section 201.1(aa) of the Retirement System Ordinance provides:

> (aa) Compensation. (1). The whole amount of salary paid for personal services to any employee of the City as appears on the City payroll.

case law and was subsequently cited with approval in our decision in *Vodde v. Retirement Board of Allegheny County*, 33 Pa. Commonwealth Ct. 342, 382 A.2d 481 (1978). *See also Rockwell v. York County Retirement Board*, 405 Pa. 406, 175 A.2d 831 (1961); *Kelly v. Loveland*, 141 Pa. Superior Ct. 455, 15 A.2d 411 (1940).

Where, as here, there is no outstanding question of fact and the law in the matter is well-settled, a trial would clearly be a fruitless exercise. *Keil.* We will, therefore, affirm the grant of judgment on the pleadings accorded by the court below.

ORDER

AND, Now, this 4th day of March, 1982, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

Judge PALLADINO did not participate in the decision in this case.