**FAIRMONT POLICEMAN'S BENEFIT ASSOCIATION, Respondent,**

v.

**The CITY OF FAIRMONT, Appellant.**

**No. C4–88–1766.**

Court of Appeals of Minnesota.

April 4, 1989.

Timothy K. Dillon, Moratzka, Dillon & Storkamp, Cannon Falls, for respondent.

Elizabeth W. Bloomquist, Johnson, Berens & Wilson, Fairmont, for appellant.

Heard, considered and decided by PARKER, P.J., and SCHUMACHER and SCHULTZ,* JJ.

## OPINION

SCHUMACHER, Judge.

Respondent Fairmont Policemen's Association brought a declaratory judgment action seeking an interpretation of the term "prevailing pay" as used in 1977 Minnesota Laws, chapter 100. The trial court ruled that the term included both longevity pay and base pay. We affirm.

## FACTS

Respondent Fairmont Policemen's Benefit Association (Association) was organized in 1949 under sections 423.41 through 423.-62 of the Minnesota Statutes. Under the statute, both the city of Fairmont (Fairmont) and the police officers are to contribute to the Association's fund. The officers' contributions have been withheld from their paychecks throughout the Association's existence.

Fairmont began a longevity program under which the officers received additional pay based on their length of service in 1967. Fairmont expressly refused to include longevity pay when determining retirement benefits at a city council meeting on October 7, 1968.

In 1977, the Minnesota Legislature passed a bill concerning the Association. 1977 Minnesota Laws, chapter 100 (chapter 100) permits the Association to have eight percent of the covered payroll withheld in contribution to the Association. Chapter 100 also provided that all officers hired after 1977 would be members of the Public Employees Police and Fire Fund.

In 1986, the Association amended its bylaws to provide that employee deductions should be eight percent of the covered payroll pursuant to chapter 100. The Association interpreted the covered payroll to include both longevity pay and the base pay of a first class officer. However, Fairmont refused to deduct eight percent from both base pay and longevity pay.

On April 27, 1988, the Association brought a declaratory judgment action seeking the trial court's interpretation of the term "prevailing pay" as used in subd. 7, chapter 100. The Association argued that "prevailing pay" includes longevity pay and that contributions and benefits should be based on the inclusive definition. Fairmont denies that benefits should be based on monthly pay that includes longevity pay. The trial court entered its findings on May 26, 1988 and held in favor of the Association. Fairmont appeals therefrom.

## ISSUE

Does the term "prevailing pay" as used in 1977 chapter 100, include longevity pay?

## ANALYSIS

Chapter 100 reads in pertinent part:
Section 1. [FAIRMONT, CITY OF; POLICE; RETIREMENT ASSOCIATIONS.] Notwithstanding any law to the contrary, all persons first employed by the city of Fairmont after the effective date of this act as police officers shall be members of the public employees police and fire fund established by Minnesota Statutes, Sections 353.63 to 353.68 and shall not be members of any local police relief association.

---

* Acting as judge of the Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 2.

Sec. 2. The minimum obligation of the city of Fairmont in respect to the police relief association shall be determined and governed in accordance with the provisions of Minnesota Statutes, Sections 69.-71 to 69.77 * * *

Sec. 3. Contributions of members of the police relief association shall be eight percent of covered payroll.

Sec. 7. In determining the salary for use as a base benefit calculation for the police relief association, *the prevailing pay* of a first class patrolman in the police department of the city of Fairmont shall be used.

1977 Minn.Laws, ch. 100 (emphasis added). Fairmont argues that the term "prevailing pay" means only the base pay of a first-class officer.

This court may look to other laws concerning similar subjects to ascertain the Legislature's intent by using a particular term. Minn.Stat. § 645.16(5) (1988). The terms "prevailing wage rate" and "hourly basic rate" are defined in chapter 177 of the Minnesota Statutes relating to minimum wages. " 'Hourly basic rate' means the hourly wage paid to any employee." Minn.Stat. § 177.42, subd. 5 (1976). "Prevailing wage rate" means

> the hourly basic rate of pay *plus the contribution for* health and welfare benefits, vacation benefits, *pension benefits and any other economic benefit* paid to the largest number of workmen engaged in the same class of labor * * *

Minn.Stat. § 177.42, subd. 6 (1976) (emphasis added). While the phrase in chapter 100 is actually "prevailing pay", we find the term "prevailing wage rate" to be sufficiently similar to warrant reliance on its definition found in section 177.42.

Additionally, the retirement benefits provision for third class cities assists in our interpretation of the term. After 20 years of service, an officer is entitled to receive

> [a] service pension * * *, which pension shall in no event be less than $75 per month, nor more than one-half of the *prevailing pay* of such policeman during the major portion of the year immediately preceding his retirement, * * * provid-

ed however that those policemen who are members of any such association at the time of the passage of this act, shall be entitled to a minimum service pension equal to one-half of the *monthly base pay* of such policeman at the time of the passage of this act.

Minn.Stat. § 423.384 (1976) (emphasis added).

The Legislature used both "prevailing pay" and "monthly base pay" within this section relating to third class cities. Use of both terms rather than using one uniformly throughout the section is a further indication that the Legislature intends the term "prevailing pay" to mean something other than base pay.

### DECISION

The trial court correctly interpreted the term "prevailing pay" to include both base pay and longevity pay.

Affirmed.