DONALD R. KOHTZ, SR., APPELLEE, V. CITY OF YORK, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT.

487 N.W.2d 295

Filed March 31, 1992.    No. A-89-1453.

Charles W. Campbell, Deputy York City Attorney, for appellant.

Gary J. Nedved, of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellee.

CONNOLLY, HANNON, and IRWIN, Judges.

HANNON, Judge.

On June 30, 1988, Donald R. Kohtz, Sr., retired after 26 years of continuous service with the York Fire Department. At retirement, he held the rank of fire chief, and he was paid a base monthly salary of $2,480, plus 5 percent of the base, or $124, per month as a longevity payment, which was paid pursuant to the policy of paying a longevity payment equal to 1 percent of the base salary for each 5 years of continuous service. Kohtz maintains his retirement pension benefits should be computed with longevity payments included as part of his salary, and the City of York maintains the longevity payments should not be included. The trial court determined that longevity payments should be included and ordered Kohtz' retirement pay increased by $62 per month as of the date of retirement.

The City of York now appeals. The sole issue on appeal is whether the district court erred in holding that longevity payments paid to Kohtz by the City of York constituted salary within the meaning of Neb. Rev. Stat. § 16-1021(3) (Reissue 1987) for the purpose of calculating Kohtz' firefighter pension benefits.

The record contains a great deal of evidence showing the method the City of York used in computing and paying Kohtz and others and ordinances of the city on the subject. We view this case as one of statutory interpretation, and the conduct of the parties and their course of dealing, as well as the ordinances of the City of York, are immaterial. Our task is to determine

what the Legislature intended by the statutes on the subject.

Neb. Rev. Stat. §§ 16-1020 through 16-1038 (Reissue 1987) are the statutes which have applied to firefighters' retirement for cities of the first class since January 1, 1984. Sections 16-1027(2) and 16-1021 are pertinent to the question raised in this case. Section 16-1027(2) provides in relevant part: "(2) For all firefighters employed on January 1, 1984, the amount of the pension benefit shall not be less than the following amounts: (a) If retirement occurs following age fifty-five with twenty-one years of service, fifty percent of regular pay." Section 16-1021 provides in relevant part:

> For the purposes of sections 16-1020 to 16-1038, unless the context otherwise requires:
>
> . . . .
>
> (2) Regular pay shall mean the salary of a firefighter at the date such firefighter elects to retire;
>
> (3) Salary shall mean the base rate of pay, excluding overtime, callback pay, clothing allowances, and other such benefits as reported on the participant's federal income tax withholding statement including the firefighters' contributions picked up by the city as provided in subsection (2) of section 16-1024.

Much of the parties' arguments is based upon the meaning of these provisions. However, Kohtz was a fireman before August 7, 1965, and his retirement is controlled by Neb. Rev. Stat. § 16-1039 (Reissue 1987), which provides that firefighters with over 21 years of service shall receive a pension of "at least fifty percent of the amount of salary such retiring firefighter is receiving at the time he or she goes upon such pension list." Section 16-1021 itself provides that it applies only to §§ 16-1020 to 16-1038 and therefore would not apply to § 16-1039. However, § 16-1039 is concerned with pensions under Neb. Rev. Stat. §§ 35-204 to 35-215 (Cum. Supp. 1982), the firefighter pension statutes as they existed prior to January 1, 1984. Those statutes provided for firefighters' retirement before the current law. Neb. Rev. Stat. § 35-201(5) (Cum. Supp. 1982) stated: "[S]alary shall mean the base rate of pay, excluding overtime, callback pay, clothing allowances, and other such benefits," and thus, salary was defined the same

under the old law as it is under the new.

In *Hill v. City of Lincoln*, 213 Neb. 517, 330 N.W.2d 471 (1983), the Nebraska Supreme Court found that the words "salary" and "regular pay" are not ambiguous words. It found that salary "when used to determine the amount of contributions to be made by the employee, means regular, basic pay," and that regular pay meant the same thing. *Id*. at 522, 330 N.W.2d at 474. The statutes that apply to the case at bar use the words "base rate of pay." There can be no material difference in meaning between "regular, basic pay" and "base rate of pay." Longevity pay is regular pay, as it would increase only when the fireman receives an increase in pay or every 5 years when the percentage increases.

In *Hill*, the court held that for purposes of retirement contribution and retirement payments, salary does not include such items as overtime pay or holiday pay, because neither contributions toward retirement nor retirement pay itself should depend upon the "vagaries of the calendar or the occurrence of natural or manmade disasters." *Id*. The statutory definitions quoted above exclude overtime, callback pay, clothing allowances, and other such benefits, which are, likewise, items of pay that are affected by variations in the calendar and emergencies. Longevity pay does not vary with the calendar or emergencies. It is regular; it is basic pay; and the fact that its amount must be determined by a calculation does not change those facts.

The courts in sister states have also held that longevity pay constitutes salary for the purpose of calculating pension benefits, and their reasoning is persuasive. See, *Abbott v. City of Los Angeles*, 178 Cal. App. 2d 204, 3 Cal. Rptr. 127 (1960); *Hay v Highland Park*, 134 Mich. App. 624, 351 N.W.2d 622 (1984) (holding that longevity pay enhanced the regular periodic salaries paid to firefighters and police officers); *Gentile v City of Detroit*, 139 Mich. App. 608, 362 N.W.2d 848 (1984) (holding that longevity pay was part of salary because it was not a true fringe benefit but, rather, a normal payment made regularly in the course of the plaintiffs' work for regular work done); *Policeman's Ben. Ass'n v. Fairmont*, 437 N.W.2d 757 (Minn. App. 1989); *Smerek v. Christiansen*, 111 Misc. 2d

580, 444 N.Y.S.2d 860 (1981); *York Paid Firemens Pension Fund Bd. v. Orendorff*, 53 Pa. Commw. 629, 419 A.2d 232 (1980) (holding that if a fireman contributed to a pension fund on the basis of his salary plus longevity payments, he would be entitled to pension payments computed on the same basis). In none of the cases reviewed has a court held that longevity payments are not a part of salary.

We therefore hold that longevity payments are a part of salary for the purpose of calculating firefighters' pension benefits. The decision of the district court is affirmed.

AFFIRMED.