Nancy Diekman, Guardian of Fred W. Diekman, an alleged incompetent, Appellant *v.* Wrightstown Township et al., Appellees.

Argued March 5, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Albert M. Hankin*, of counsel: *Meyer, Lasch, Hankin & Poul*, for appellant.

*Carl Bucholz*, with him *Jay H. Karsch, William A. Slotter, Jr.*, and *Alan Greenberg, Rawle & Henderson*, for appellees, Andrew L. Warren, Elaine Zettick and Carl Fonash, and the County of Bucks.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 6, 1982:

The Bucks County Common Pleas Court sustained the preliminary objections of Bucks County and certain named Commissioners. Fred W. Diekman, by his guardian, appeals. We affirm in part, reverse in part and remand.

Diekman, who was injured[1] in an accident on a state road within Bucks County, alleged liability on the part of the County for negligent design, maintenance, repair and posting of traffic signs.

---

[1] The appellant here is the court-appointed guardian of Diekman, who was still in a coma at the time of the trial court decision.

The trial court sustained the County's preliminary objections, concluding that exclusive jurisdiction for the maintenance and control of state highways rests with the Commonwealth. We agree. *See Swank v. Bensalem Township*, 68 Pa. Commonwealth Ct. 520, 449 A.2d 837 (1982).[2] However, as we concluded in *Swank*, if the cause of action is based on allegations that the original design and construction were negligent and it is unclear who was responsible for such design, then that issue is for the trier of fact. Sustaining preliminary objections in the nature of a demurrer is only proper where, on the face of the complaint, admitting every well-pleaded fact, as well as all inferences reasonably deducible therefrom, the claim cannot be sustained. If there is any doubt as to the issue, the preliminary objections must be overruled. *Dwyer v. Rothman*, 288 Pa. Superior Ct. 256, 263, 431 A.2d 1035, 1039 (1982), *quoting Gekas v. Shapp*, 469 Pa. 1, 5, 364 A.2d 691, 693 (1976).

We conclude that it was improper to sustain the preliminary objections as to the issue of the liability,[3] if any, for the initial design and construction.

Affirmed in part; reversed and remanded in part.

---

[2] In companion cases filed today, we disposed of similar issues dealing with a township's liability for failure to warn the Commonwealth of a hazard and failure to repair a hazard on a state road. *See Calvanese v. Leist*, 70 Pa. Commonwealth Ct. 251, 452 A.2d 1125 (1982), and *Rinaldi v. Giblin*, 70 Pa. Commonwealth Ct. 253, 452 A.2d 1126 (1982), wherein we concluded no such liability will repose in any other entity but the Commonwealth.

[3] We need not address appellant's claim that the lower court committed error in not allowing an amendment to the complaint once the preliminary objections had been sustained. We do note, however, that Pa. R.C.P. No. 1028(c) allows for amendment as of right only within ten days after the service of preliminary objections. After that time, amendment is by permission of the court or by consent of the parties. *See* Pa. R.C.P. No. 1033 and *Associates of Philipsburg v. Hurwitz*, 292 Pa. Superior Ct. 406, 437 A.2d 447 (1981).

### Order

The Bucks County Common Pleas Court order, No. 80-7932-13-2 dated October 20, 1980, is hereby affirmed in part, reversed in part, and remanded for proceedings consistent with this Opinion.

Judge MENCER did not participate in the decision in this case.