In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation of Right of Way, for Legislative Route 67045, Section 108 R/W, a Limited Access Highway, in the City of Philadelphia. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued June 11, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Richelle D. Sanders,* Assistant Counsel, with her *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Martin Burman,* with him *D. Bruce Hanes, Shein & Brookman, P.A.,* for appellee, J. Faunce, Inc.

OPINION BY JUDGE DOYLE, January 17, 1983:

This is an appeal by the Pennsylvania Department of Transportation (Department) from an order of the Court of Common Pleas of Philadelphia dismissing preliminary objections and appointing a Board of View under Section 502(e) of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-502(e). We affirm the order of the court of common pleas.

The facts in this case are not in dispute. In December, 1973, the Department condemned a portion of the property located at the southeast corner of 13th and Vine Streets for the proposed construction of a direct highway connection between the Schuylkill Expressway, the Delaware Expressway, and the Benjamin Franklin Bridge. The condemnation consisted of a permanent taking of a portion of the land, a temporary taking of the remaining land, and the

condemnation of the building which stood on both the land permanently taken and that subject to the temporary taking. The temporary taking was described in the Department's Declaration of Taking as a "temporary easement for construction."

In September, 1977, J. Faunce, Inc. (Faunce) purchased from the condemnees that land not permanently taken which was subject to the "temporary easement for construction" and on which a portion of the condemned building stood. The purchase did not include any of the condemnation rights of the original owners and in 1979, the Department and the original owners settled the condemnation by stipulating a full, just, compensation price of $395,000.00

An agreement between the Commonwealth and the Chinatown community, entered into by Governor Shapp in 1973 and honored by present Governor Thornburgh provides that no demolition of buildings for the proposed expressway will be undertaken without the approval of the Philadelphia Chinatown Development Corporation (PCDC). PCDC has consistently refused to approve the demolition of the building on this property and other buildings in the area.

In March of 1980, Faunce filed this Petition for Appointment of a Board of View to assess additional damages. Faunce alleges that because the building still stands on its property, it suffers a deprivation of use for which compensation is due, and appointment of a Board of View is appropriate under Section 502(e) of the Code.[1] The Department objects that Faunce has no standing because of the settle-

---

[1] Section 502(e) provides: "If there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) of this section, setting forth such injury." 26 P.S. §1-502(e).

ment with the original condemnees, and argues further that Faunce has not established any additional servitude, inverse condemnation, or *de facto* taking compensable under the Code.

First, we must point out that Faunce clearly has standing to petition for the appointment of a Board of View under the Code. We accept as axiomatic the contention raised by the Department that the right to condemnation damages under the Code belongs only to the person or persons who own the land when the condemnation takes place. *Hunter v. McKlveen*, 353 Pa. 357, 45 A.2d 222 (1946). The present petition, however, is not an action under the original condemnation proceeding in which Faunce had no interest; it is an action for injury to Faunce's property interest from a subsequent taking beyond the scope of that accomplished in the 1973 declaration. Settlement of the original condemnation is therefore not relevant here. Had the original condemnees retained title to this parcel, this action for additional damages might still have been brought by them. Since Faunce owns all rights remaining in the parcel after the original condemnation, standing is with Faunce to bring this action and petition for the appointment of a Board of View.

The court of common pleas found that under the circumstances of this case, the inaction by the Department and the scant likelihood of action to remove the building in the near future amounted to a *de facto* taking of Faunce's property interest. We agree. The interest over this parcel acquired by the Department in the 1973 condemnation was, by its terms, a temporary easement, but the time envisioned in this easement is nowhere defined. While we are well aware of the necessarily slow pace with which major roadway projects proceed, we must agree that any

temporary servitude over this land acquired in 1973 has by now expired. The continued occupation of the parcel by the condemned building therefore deprives Faunce of the use of its land and imposes an additional servitude.

The Department urges that the temporary easement for construction does not commence until construction of the highway begins and the land is encumbered for that purpose. They argue that Faunce purchased the parcel with full knowledge of the Department's condemnation right and was aware that the Department's rights over the parcel might not be exercised until sometime in the future. Consequently, the Department maintains, we cannot clock the temporality of the easement from its acquisition in 1973, but must wait until the land is actually used for the construction purpose. And, they urge, Faunce is not injured because he purchased subject to the Department's right to this use.

Were the circumstances different in this case, we might be inclined to accept the Department's analysis. If Faunce had purchased a piece of vacant land, subject to a temporary encumbrance sometime in the future for the construction of an adjacent highway, we might agree that his property interest is not compensably harmed by the uncertainty of *when* in the future the Department would exercise its right. But that is not the case here. Faunce's property is not merely subject to temporary *future* use by the Commonwealth, it is *currently* in use by virtue of the location of the condemned building. This is not a case where Faunce can use the property now, but must tolerate temporary interruption of the use by the Department later. This is a case where Faunce cannot use the property now and will not be able to use the property until the Department removes the building.

Faunce has been deprived of the use of its land by the existence of the building since the purchase of the property in 1977. Continued deprivation, inevitable because of PCDC's posture toward demolition and the doubtful status of the whole expressway project, is clearly outside the scope of the temporary easement for which compensation was paid. This deprivation constitutes a taking in fact.

There can be no question that compensation for a *de facto* taking is contemplated under Section 502(e) of the Code. *Conroy-Prugh Glass Co. v. Commonwealth,* 456 Pa. 384, 321 A.2d 598 (1974). And a taking occurs when an owner is substantially deprived of the use or enjoyment of his property by an entity clothed with the power of eminent domain. *Id.* We have found a *de facto* taking when the action by the condemnor results in the property owner's inability to dispose of the property or to realize any income from it. *Peter Roberts Enterprises, Inc. v. Department of Transportation,* 31 Pa. Commonwealth Ct. 479, 376 A.2d 1028 (1977). In the case before us, Faunce cannot use the land because the building is on it, and cannot use the building because it is not among the property rights Faunce owns. The property generates no income and its resale potential is minimal. We find these facts to be a substantial interference with the use and enjoyment of the limited property rights Faunce owns.

Because the property interest which Faunce purchased was a limited one, however, the proceeding before the Board of View will be difficult. The Board must determine at what point in time the continued occupation of the parcel by the condemned building became unreasonable and exceeded the scope of the temporary easement acquired in the 1973 condemnation. In addition, in order to determine the extent

of the *de facto* condemnation, the Board must examine the status of the original expressway project, and consider the likelihood that the building will ever be demolished. Only after such a careful analysis can the Board reach an accurate evaluation of the injury to the Faunce property.

ORDER

Now, January 17, 1983, the order of the Court of Common Pleas of Philadelphia dismissing preliminary objections and appointing a Board of View in the above referenced matter is hereby affirmed. The Board of View is directed to undertake proceedings consistent with this opinion.