Sean G. Powell, Appellant *v.* Wrightstown Township et al., Appellees.

Argued June 8, 1983, before Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Edward N. Noss*, with him *Jeffrey L. Naftulin* and *Albert M. Hankin*, of Counsel: *Meyer, Lasch, Hankin & Poul*, for appellant.

*Jay H. Karsch*, with him *David L. Shenkle*, of Counsel: *Eastburn* and *Gray*, for appellee, Wrightstown Township.

*William A. Slotter*, Deputy Attorney General, for appellee, Department of Transportation.

OPINION BY JUDGE MACPHAIL, August 24, 1983:

Appellants[1] have appealed[2] from two orders of the Court of Common Pleas of Bucks County which granted motions for judgment on the pleadings filed by Wrightstown Township (Township) and ordered that Appellants' complaints in trespass be dismissed as to the Township. We affirm in part, reverse in part and remand.

Appellants were involved in a serious automobile accident on Legislative Route 09050 (also known as Mill Creek Road) in Bucks County on July 27, 1978. Appellants subsequently filed separate trespass complaints against several defendants including the

---

[1] Sean G. Powell and Nancy Diekman, guardian of Fred Diekman.

[2] Appellants originally filed their appeals with the Superior Court. The appeals were subsequently transferred to this Court in accordance with Section 5103 of the Judicial Code, 42 Pa. C. S. §5103. Our jurisdiction is established by 42 Pa. C. S. §762(a)(1).

Township. The complaints allege that at the time of the accident the Township "was responsible for the design, building, maintenance, repair, traffic signs and the care of highways and bridges within township limits." It is further alleged that the Township is liable for the negligent construction, maintenance and control of L.R. 09050.

The Township's motions for judgment on the pleadings were based on the present status of L.R. 09050 as a state highway.[3] The Township alleged that it is not responsible for the construction, maintenance, repair, control or erection of signs on state highways and, accordingly, cannot be held liable for negligence with regard thereto. The court of common pleas agreed, concluding that exclusive jurisdiction for the construction and maintenance of L.R. 09050 resides in the Commonwealth. The instant appeals followed.

A motion for judgment on the pleadings is in the nature of a demurrer. *Board of Pensions and Retirement v. Bradley*, 65 Pa. Commonwealth Ct. 154, 442 A.2d 26 (1982). The moving party admits the truth of the well pleaded allegations of his adversary and the untruth of his own averments which have been denied. Judgment on the pleadings cannot be entered where material issues of the facts are in dispute. *Tate v. Pennsylvania Board of Probation and Parole*, 40 Pa. Commonwealth Ct. 4, 396 A.2d 482 (1979).

Our ruling in this case is controlled by our recent decision in *Diekman v. Wrightstown Township*, 70 Pa. Commonwealth Ct. 245, 453 A.2d 366 (1982). The issue in *Diekman* was whether the trial court had properly dismissed one of the same trespass complaints presently before us as it pertained to Bucks County,

---

[3] L.R. 09050 was adopted by the Commonwealth as a state highway by Sections 1 and 2 of the Act of June 22, 1931, P.L. 594; *as amended*, 36 P.S. §§1738-1 and 1738-2.

another of the named defendants. We concluded there, as we do here, that the Commonwealth has exclusive jurisdiction over the control and maintenance of state highways such as L.R. 09050. *See also Swank v. Bensalem Township*, 68 Pa. Commonwealth Ct. 520, 449 A.2d 837 (1982). Thus, the complaints here were properly dismissed insofar as they allege Township responsibility for and negligence or carelessness with regard to the control and maintenance of L.R. 09050.

We also observed in *Diekman*, however, that where the complaint alleges negligence in the original construction or design of the roadway and it is unclear who was responsible for such construction or design, the issue must be resolved by the trier of fact. Since the issue of negligent construction has been raised in the instant complaints, we conclude that the orders of the trial court must be reversed insofar as they preclude trial on the issue of what, if any, liability the Township may bear for the original design and construction of L.R. 09050.

It has also been argued that the Township had a duty to notify the Commonwealth of any existing dangerous conditions on L.R. 09050 and to take reasonable measures to protect the public until the Commonwealth could remedy such hazardous conditions. These precise issues, however, have recently been addressed and rejected by this Court in *Rinaldi v. Giblin*, 70 Pa. Commonwealth Ct. 253, 452 A.2d 1126 (1982).

We, accordingly, will affirm the trial court's orders in part, reverse the orders in part and remand.

ORDER

The orders of the Court of Common Pleas of Bucks County, No. 80-7933-05-2, dated March 26, 1981, and No. 80-7932-13-2, dated March 27, 1981 are hereby affirmed in part, reversed in part and remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.