## Hauser v. Borough of Lehighton

*James L. Reich,* for plaintiff.

*John Deutsch,* for defendants Borough of Lehighton and Lehighton Sewer Authority.

*Roger N. Nanovic, II,* for defendant Union Gas Co.

LAVELLE, *P.J.,* May 30, 1985—Before the court are defendants' preliminary objections in the nature of demurrers to the third amended complaint. Distilled from the demurrers emerges the sole issue — whether the owner of property, who acquires title after an alleged taking, has the right to seek condemnation damages.

The case has had a Byzantine procedural history as evidenced by the docket entries attached hereto.

The thrust of the third amended complaint is that, in August of 1972, defendants took plaintiffs' land for various easements without payment of just compensation and the court should compel defendants to commence eminent domain proceedings. Having carefully perused the briefs and weighed the arguments of counsel, we conclude that the third amended complaint must be dismissed.

## DISCUSSION

We start with the principle that a demurrer should only be sustained where, on the face of the complaint, admitting every well-pleaded fact, as well as inferences reasonably deducible therefrom, plaintiffs' claim cannot be sustained. Any doubt

should be resolved in favor of overruling the demurrer. Diekman v. Wrightstown Twp., 70 Pa. Commw. 245, 453 A.2d 366 (1982).

The well-pleaded facts in the third amended complaint disclose that on or about February 18, 1977, plaintiffs purchased a tract of land located at the southeast corner of Sixth and Mahoning Streets in the Borough of Lehighton; that a survey of the tract showed that a borough alley, a Union Gas line, and a municipal sewer line installed under the alley were encroaching upon the southern portion of plaintiffs' property; and that the encroachment began in the summer of 1972 when defendants relocated the alley, gas line and sewer line in order to accommodate the construction of an apartment building on an adjacent landowner's property.

Defendants contend that the foregoing facts preclude plaintiffs from condemnation damages because they did not own the property in 1972, the date of the alleged taking.

Defendants point us to a long line of appellate cases which hold that the right to condemnation damages belongs only to the person owning the property at the time of condemnation. Kaufmann v. Pittsburgh, 248 Pa. 41, 93 Atl. 779 (1915); Smith v. Commonwealth, 351 Pa. 68, 40 A.2d 383 (1945); Hunter v. McKlveen, 353 Pa. 357, 45 A.2d 222 (1946); Appeal of Powell, 385 Pa. 467, 123 A.2d 650 (1956); Re Petition of Governor Mifflin, 401 Pa. 387, 164 A.2d 221 (1960); Henry v. County of Allegheny, 403 Pa. 272, 169 A.2d 874 (1961); Rednor & Kline, Inc. v. Department of Highways, 413 Pa. 119, 196 A.2d 355 (1964); Braucher v. Somerset Borough, 58 Pa. Super. 130 (1914); Petition of Butler County Com'rs., 141 Pa. Super. 597, 15 A.2d 504 (1940).

Despite this formidable array of case law, plaintiffs argue that they have a clear legal right to compel an eminent domain proceeding because of the amendments made to the Eminent Domain Code in 1964. Specifically, they cite section 402(b), which states:

"The declaration of taking shall be in writing and executed by the condemnor, shall be captioned as a proceeding *in rem, . . . .*"

Further, they point to the comment following section 402 which states: "This section changes existing law and represents a distinct trend away from the former concept of condemnation in Pennsylvania, which has always been concerned with the property interest of the person rather than with the property. In other words, condemnation under this provision is now a proceeding *in rem.*" (Emphasis supplied.)

Defendants counter by arguing that the language in the 1964 Eminent Domain Code Amendment alluding to the "in rem" nature of condemnation cases refers to procedure only and it was not intended to affect the substantive rights of the condemnor or condemnee.

Counsel have not cited, in brief or oral argument, any Pennsylvania appellate court case which clearly decides this issue.

We are not willing to embrace the "in rem proceeding" interpretation espoused by plaintiffs. To do so would require us to repudiate a singularly unwavering body of Pennsylvania case law which requires ownership *at the time* of condemnation to gain access to money damages.

We would also have to endow the words "in rem" with procreative power far beyond what we believe the legislature intended. The "in rem" language of 402(b) was inserted, in our view, to bring Pennsyl-

vania condemnation procedure in line with federal eminent domain procedure. It was not intended to create a new right or enlarge the substantive rights of the parties as expressed in Pennsylvania case law from the early 1900's. See comments under section 402 of Eminent Domain Act.

In his frequently quoted treatise on eminent domain in Pennsylvania, Edward L. Snitzer reviews all aspects of the law of eminent domain and the impact of the 1964 Amendment of the law. In his comments on the definition of "Condemnee" under the 1964 Amendment (section 201(2)), Snitzer points out that "the claim for just compensation is personal; only the owner of the property interest at the time of the condemnation is entitled to receive the damages from the condemnor. Quade v. The Columbia and Post Deposit Railway Company, 233 Pa. 20 (1911). Consequently, a subsequent holder of the property will not be entitled to damages. Kaufman v. Pittsburgh, 248 Pa. 41 (1915)."

The Commonwealth Court, in a case involving a post-1964 taking, said in dicta: "We accept as axiomatic the contention . . . that the right to condemnation damages under the code belongs only to the person or persons who own the land when the condemnation takes place. Hunter v. McKlveen, 353 Pa. 357, 45 A.2d 222 (1946)." In re Commonwealth Department of Transportation Right of Way, 71 Pa. Commw. 224, 455 A.2d 229 (1983). We believe that this "axiomatic" dicta correctly states current Pennsylvania law.

Because plaintiffs were not the owners of the property at the time of the alleged taking, they have no clear legal right to be protected. Their complaint cannot withstand defendants' demurrer.

Therefore, we issue the following

## ORDER

And now, this May 30, 1985, upon consideration of defendants' preliminary objections in the nature of a demurrer, it is hereby ordered and decreed that said preliminary objections be and are hereby sustained. The third amended complaint is hereby dismissed.