## Duncan v. Negron

*Lawrence A. Goldberg,* for appellant.
*Dale P. Kennedy,* for defendant Negron.
*Anne E. Perrige,* for the Commonwealth.
*Jeffrey P. Lewis* and *Stephen H. Palmer,* for defendant City of Coatesville.

WOOD, *J.,* September 5, 1986 — Plaintiff, Robert Duncan, Jr., brought this action against defendants Paula C. Negron, PennDOT and the City of Coatesville, seeking compensation for injuries he sustained in a motorcycle accident at the intersection of East Lincoln Highway and Thirteenth Avenue in Coatesville. I must now decide the City of Coatesville's motion for summary judgment.

In his complaint, plaintiff makes the following allegations of negligence against the city:

"(a) improperly designing, approving, constructing, inspecting and/or maintaining a dangerous roadway and intersection;

(b) failing to carefully and properly study, approve, construct, inspect or maintain the roadway and intersection so as to combine safety and reduce

accidents, while facilitating the movement of traffic;

(c) failing to adequately and properly inspect the roadway and intersection to correct, remedy and/or eliminate dangerous conditions which they knew or should have known would involve an unreasonable risk of harm to motorists such as the plaintiff;

(d) failing to employ reasonable and careful engineering skills to design, approve, construct and/or maintain the roadway and intersection;

(e) Failing to employ proper and adequate care in conformity with federal, state and/or local standards, statutes, regulations and rules; and,

(f) failing to provide adequate traffic control devices at and around the area where the accident occurred;

(g) such other acts and/or omissions coonstituting (sic) negligence as may be ascertained during discovery or at trial."

Pa.R.C.P. 1035 authorizes the entry of a summary judgment (after the pleadings are closed) based upon the pleadings, answers to interrogatories, admissions on file and supporting affidavits.

"Summary judgment should be granted to the movant unless the opposing party offers competent evidence admissible at trial showing that there is a genuine issue as to a material fact . . . . A [party] opposing a defense motion for summary judgment, in order to make the evidentiary showing that will permit him to advance to trial must 'show that he has a plausible ground for maintenance of the cause of action' ": Community Medical Services of Clearfield Inc. v. Local 2665 etc., 292 Pa. Super. 238, 437 A.2d 23, 27 (1981) (Citations omitted.)

The record here shows that East Lincoln Highway is a state highway which is located in a right of

way maintained by the Pennsylvania Department of Transportation and not the city. Case law is clear that the city is under no duty to repair and maintain a state highway within its municipal boundaries: Powell v. Wrightstown Township, et al., 76 Pa. Commw. 521, 464 A.2d 651 (1983); Calvenese v. Lesit, 70 Pa. Commw. 251, 452 A.2d 1125 (1982); Lawler v. Charlestown Township, 33 Chester Co. Rep. 473 (1985). The controlling statute provides that the state highway system "shall be under the exclusive authority and jurisdiction of [PennDOT]." 36 P.S. §971.

PennDOT points out that the city has the duty to regulate traffic, including but not limited to the maintenance of traffic signals and the painting of street lines on state highway within the city limits: 36 Pa.C.S. §1758-303. It also argues that 42 Pa.C.S. §8542(b) (4) and (6) specifically waives sovereign immunity concerning improper and negligent regulation of traffic upon streets within the city limits. In obtaining the permit to install the traffic light at the intersection in question, the city agreed with the Commonwealth as follows:

"The Permittee covenants and agrees to fully indemnify and save harmless the Department of Highways and assume all liability for damages or injury, occurring to any person, persons or property through or in consequence of any act or omission of anyone working on the (illegible), or from faulty maintenance or operation of such traffic signal."

The difficulty is that although PennDOT has established that the city controlled the light and traffic patterns at the intersection, there is no proof on this record that there existed a defect in the traffic light or that the city improperly controlled traffic at the intersection. The allegations contained in subparagraphs 5(b) and 5(f) may be sufficient to get

past a demurrer to the pleadings, but in order to avoid summary judgment, PennDOT needed to support those allegations with facts. It didn't, and accordingly, I enter the following

## ORDER

And now, this Sept. 5, 1986, after consideration of the pleadings and briefs and upon review of the record, defendant City of Coatesville's motion for summary judgment is granted and the complaint against it dismissed.