## Winters v. PennDOT

*Frances Worley,* for plaintiffs.
*Daniel K. Deardorff* and *John B. Mancke,* for defendant Borough of Mt. Holly Springs.

HESS, *J.,* April 28, 1987—This action arose out of the death of Jacob E. Winters who was struck and killed by a motor vehicle along the side of State Route 34 in the southern portion of the Borough of Mt. Holly Springs. Plaintiffs' allegations against defendant, Borough of Mt. Holly Springs, are with respect to the municipality's failure to make application for traffic-control devices and the failure to have a particular portion of Route 34 patrolled by its police officers. It is undisputed that the roadway in question is a state highway.

We agree with defendant that this cause of action does not fall within the limited exceptions to governmental immunity set forth in 42 Pa.C.S. §8542. This section, confining the liability of local agencies to only those exceptions enumerated by statute, addresses the liability of municipalities for streets as follows:

"(i) A dangerous condition *of a street owned by*

*the local agency,* except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

"(ii) A dangerous condition of streets owned or under the jurisdiction of commonwealth agencies, *if all of the following conditions are met:*

"(A) *The local agency has entered into a written contract with a commonwealth agency* for the maintenance and repair by the local agency of such streets. . ." 42 Pa.C.S. §8542(b)(6) (emphasis supplied)

This statute confines the liability of a municipality, with respect to a dangerous condition, including the lack of traffic control devices, to the instance where the roadway is *owned* by the municipality or where there is some written agreement by the municipality to maintain a particular street. Neither of these two requirements is present in this case. There is no suggestion of an agreement between Mt. Holly Springs and the commonwealth with respect to the maintenance of the subject portion of Route 34. Neither is it disputed that the highway is owned by the commonwealth and not by the municipality.

The question of a local agency's liability, with respect to deficiencies in traffic control devices on state owned highways, was specifically addressed by the Commonwealth Court in *Mindala v. American Motors Corporation et al.,* 90 Pa. Commw. 366, 495 A.2d 644 (1985). This was a case in which an action had been brought against West Cocalico

Township, Lancaster County, for damages arising from an automobile accident that occurred on a state highway at an intersection in which a stop sign was missing. Therein, reiterating *Rinaldi v. Giblin*, 70 Pa. Commw. 253, 452 A.2d 1126 (1982), the court held, specifically, that a township may not be held liable for failure to warn the commonwealth of a missing traffic control signal on a state highway in the absence of a statute imposing such a duty. The case goes on to treat, as well established, the principle that a township is not liable to correct a hazardous condition on a state road because the exclusive responsibility for such action lies with the commonwealth. Id., at 645; see also, *Medina v. Township of Falls*, 71 Pa. Commw. 295, 454 A.2d 674 (1983); *Haas v. Department of Transportation*, 84 Pa. Commw. 522, 479 A.2d 100 (1984); *Powell v. Wrightstown Township*, 76 Pa. Commw. 521, 464 A.2d 651 (1983); *Calvanese v. Leist*, 70 Pa. Commw. 251, 452 A.2d 1125 (1982).

We, likewise, do not believe that borough liability may be reached by alleging inadequate law enforcement.

"Generally, it is acknowledged that there is no duty resting on a municipality or other governmental body to provide police protection to any particular person . . . However, where the circumstances establish a 'special relationship' between the parties, then an exception to the general rule will be found and an affirmative duty to act will be imposed. . . .

"Although this is an expanding area of the law . . . and although Pennsylvania appellate law in this area is relatively scant, the rule almost universally recognized is that the individual claiming a 'special relationship' must demonstrate that the police were: (1) aware of the *individual's* particular situation or unique status (2) had knowledge of the potential for

the particular harm which the *individual* suffered, and (3) voluntarily assumed, in light of that knowledge, to protect the *individual* from the precise harm which was occasioned. None of the cases we have found . . . impose a 'special relationship' between a municipality and a group of the general public, no matter how narrowly defined the group might be. *Melendez v. City of Philadelphia*, 320 Pa. Super. 59, 466 A.2d 1060 at 1063 and 1064 (1983).

The complaint in the instant case makes no reference, whatsoever, to police knowledge of the *individual* circumstances of the decedent moments before the accident. Nor is there a suggestion that the police department undertook to protect the decedent, *individually*, from the harm which he ultimately suffered. Accordingly, any claim based on the inadequacy of law enforcement protection must fall. See also, *Casey v. Geiger*, 346 Pa. Super. 279, 499 A.2d 606 (1985).

Inasmuch as the claim against Mt. Holly Springs is barred, on all counts, by virtue of governmental immunity for which there is no statutory exception, we enter the following

### ORDER

And now, this April 28, 1987, the preliminary objection of defendant, Borough of Mt. Holly Springs, in the nature of a demurrer is sustained and the complaint against defendant, Borough of Mt. Holly Springs, is dismissed.