Biearman, Appellant, *v.* Allegheny County.

Argued May 6, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*John D. Meyer,* for appellant.

*Francis J. O'Connor,* Assistant County Solicitor, with him *Walter P. Smart,* County Solicitor, for appellee.

OPINION BY STADTFELD, J., July 2, 1941:

This is an action of trespass brought by the only surviving parent for the death of her minor son, who assisted in her support. His death resulted from an automobile accident which occurred at the southerly end of a bridge over Campbells Run Road, both road and bridge being maintained by the County of Allegheny. The statement of claim alleged negligent maintenance and improper construction and design of the approach to the bridge and of the bridge and the southerly wing wall thereof. A brother of the deceased was driving north on this road with the deceased and another (the owner of the car) as passengers in a single seated model "A" Ford coupe about 10:00 o'clock on the night of November 7, 1936. There was a self-illuminating "Narrow Bridge" sign about 185 feet from the bridge on the right. The road was surfaced with "black top" and the berm and part of the pavement were dark colored ashes. The road curved slightly to the left onto the bridge and a stone wing wall extended about 10 feet from the end of the right girder of the bridge across the ashed berm which was 10 feet wide. There were no special markings on this wall, although it had been whitewashed the summer before the accident. The automobile struck the end of the girder, whirled around to the right and the right side of it struck the top stone of the wall, weighing about 3600 pounds, so hard as to knock it from its place. The two passengers were thrown from the car over the wall, into the creek bed. The decedent was cut so badly that he died almost immediately. The car stopped, upright, at about the middle of the bridge.

The case was tried before the court and a jury on

April 23 and 24, 1940, which rendered a verdict for the plaintiff in the amount of $1,000. Motions for judgment n. o. v. and for a new trial were filed by the defendant and were argued before the court en banc on November 16, 1940. The motion for a new trial was refused but the motion for judgment n. o. v. was granted and judgment was duly entered for the defendant, an opinion being filed by DITHRICH, J., in which the court held that the bridge and highway were not negligently maintained under the evidence, and that the proximate cause of the accident was not the alleged negligence of the defendant but the negligence of the driver of the car. This appeal followed.

On the evidence in this record there is nothing to support a finding by a court or jury of any negligence in the plan, design or construction of the bridge that would justify a verdict and judgment against the county because of it.

Quoting from the able opinion of DITHRICH, J., on behalf of the court en banc: "The negligence relied on by plaintiff is the alleged failure of the county to properly maintain the bridge and the north approach thereto. A 'Narrow Bridge' sign, clearly visible to any motorist, was erected one hundred and eighty-five feet from the bridge. The highway curves slightly to the left beginning fifty feet from the northerly end of the bridge, painted white, and plaintiff contends that it should have erected a curve sign in addition to the 'Narrow Bridge' sign, as an additional warning. The wing wall was painted white, and plaintiff contends that it should have been 'cross-hatched' in black and white to make it more visible. There was also testimony that a white line in the center of the highway, which began about two hundred feet north of the bridge, ended at about the beginning of the curve, and that there was no clear line of demarcation between the paved portion of the highway and the berm, which increased in width from four feet,

twenty feet from the wing wall, to ten feet, at the wing wall."

Even if we should assume, for the sake of argument that the county was negligent in failing to have provided any of the safeguards which appellant claims should have been provided, it will not sustain a recovery unless they or any of them were the *proximate cause* of the accident without any other intervening agency.

While it is the duty of the county to maintain its roads in a reasonably safe condition for the use of the general traveling public, it is also the duty of the latter to use those roads in a usual and ordinary manner and to exercise reasonable care.

The driver of the automobile admitted that the night in question was not foggy, that it was not raining and that the road was dry; that his lights illuminated the road the same as any other car, being on high beam, and inspected one week before; he also admitted that he saw the "narrow bridge" sign at least 185 feet from the bridge on the side he was traveling, but did not slacken the speed of the automobile traveling at the rate of 25 or 35 miles an hour, until it was too late to negotiate the slight curve leading onto the bridge, striking it with such force as to knock 3600 pounds of abutment or coping off the bridge wing wall, and catapulting two of the occupants of the car over the wall fifteen or twenty feet into the bed of the stream. He stated that he did not know at the time what he had struck.

We believe that the instant case is governed by the case of *Pilvelis et al. v. Plains Township,* 140 Pa. Superior Ct. 561, 14 A. 2d 557, in which President Judge KELLER applied the principles controlling the right to recover in a very comprehensive opinion, which was relied on by the court below in the present case. We quote therefrom as follows: "The principle is stated in the Restatement of Torts, in §430, as follows: 'In order that a negligent actor shall be liable for another's bodily

harm, it is necessary not only that the actor's conduct be negligent toward the other in the particulars stated in §281, clause (b) and comment thereon, but also that the negligence of the actor be a *legal cause* of the other's harm.' In order that the negligent conduct may be a *legal* cause, it must be a *substantial factor* in bringing about the harm (§431); and the negligent conduct should be such that the actor should recognize that the act creates an appreciable chance of causing the harm done (§§281 and 289); and in §447, 'The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or (c) the intervening act is a normal response to a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.' The Restatement, in effect, thus holds that the intervening negligent act of a third person *does* make it a superseding cause, (1) if the actor had no reason to realize that the third party might act as he did, or (2) that a reasonable man, in the circumstances present, would regard it as highly extraordinary that the third party would so act, or (3) that the intervening act was extraordinarily negligent.

"Our Pennsylvania decisions are generally in accord with the principles enunciated in the Restatement, if the term 'proximate cause' is substituted for 'legal cause,' bearing in mind that the latter must be a 'substantial factor' in bringing about the harm or injury."

In our opinion, the intervening negligent act of the driver caused the accident and was so clearly unfore-

seeable and extraordinarily negligent that the alleged negligence of the county in failing to provide the safeguards suggested by appellant was not the "proximate cause" of the decedent's death. The proximate, or substantial and effective cause was not the negligence of the county in the matters alleged, but the reckless and negligent act of the driver whose actions nobody could reasonably foresee.

The cases cited by appellant are readily distinguishable from the instant case.

The assignment of error is overruled and judgment affirmed.