Gregory Shakoor, a minor, by James and Jacqueline Shakoor, his parents and natural guardians, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation and James Greer, Appellees.

Argued November 16, 1981, before Judges WIL-LIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Ronald A. White,* for appellants.

*Claudia J. Martin,* Deputy Attorney General, for appellee.

OPINION BY JUDGE PALLADINO, December 31, 1981:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County which sustained the preliminary objections of the Pennsylvania Department of Transportation (PennDOT) to a complaint in trespass filed by the appellants, Gregory Shakoor and his parents, James Shakoor and Jacqueline Shakoor. We affirm.

On July 28, 1980, the appellants filed a complaint in trespass in the court of common pleas to recover damages for injuries Gregory Shakoor sustained when he was struck at the intersection of 42nd Street and Powelton Avenue in Philadelphia by a car driven by James Greer. In this complaint, the appellants aver-

red that at the time of this accident James Greer had a current registration sticker for his car, but that he did not have any liability insurance coverage. Named as defendants in this suit were James Greer and Penn-DOT. In the portion of the complaint pertaining to PennDOT, the appellants alleged that PennDOT negligently caused the accident by

    a. Failing to properly investigate defendant Greer's averment that he was properly insured as required by law.

    b. Failing to conduct and implement a verification system that would identify uninsured motorists attempting to register in violation of the laws of this Commonwealth.

    c. Failing to conduct and implement a system to identify and detect those motorists who give false insurance information.

    d. Failing to use due care in issuing valid registrations.

    e. Recklessly issuing valid registrations to motorists who are not insured or who shortly after registering cancel their insurance.

    f. Failing to provide the citizens of this Commonwealth with adequate protection against uninsured motorists who without the approval of defendant Bureau would not be allowed to operate an automobile without adequate liability insurance.

PennDOT subsequently filed preliminary objections in the nature of a demurrer to this suit, and by an opinion and order dated October 28, 1980, the lower court sustained these preliminary objections. In its opinion, the lower court concluded that the appellants' suit did not fall within the "dangerous condition" exception to sovereign immunity provided for in Section 5110(a)(4) of the Act of September 28, 1978 (Act),

P.L. 788, 42 Pa. C. S. §5110(a),[1] and that action against PennDOT was therefore barred. The present appeal followed.

Before this Court, the sole issue raised by the appellants is whether the lower court erred as a matter of law by concluding that their action against PennDOT did not fall within the "dangerous condition" exception to sovereign immunity provided for in 42 Pa. C. S. §5110(a). Since we believe that the lower court committed no such error, we will affirm.

Section 5110(a)(4) of the Act provided the following limited exception to the Act's general grant of sovereign immunity:

(4) Commonwealth real estate, highways and sidewalks.—Damages caused by a dangerous condition of Commonwealth real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of the Commonwealth and Commonwealth real property leased to private persons, and highways under the jurisdiction of Commonwealth agencies except as limited in paragraph (5).

Since the negligent actions averred by the appellants would constitute negligent policies or activities as opposed to "a dangerous condition of Commonwealth real estate . . . [or] highways under the jurisdiction of Commonwealth agencies[,]" we believe that the lower court correctly concluded that Section 5110 (a)(4)'s exception to the general grant of sovereign immunity is inapplicable to this case. *See c.f. Cameron v. Commonwealth of Pennsylvania*, (No. 1964 C.D. 1979, filed February 13, 1980) (injuries caused by a mental patient on state property do not fall within the

---

[1] 42 Pa. C. S. §5110 was repealed by Section 221(g) of the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693. Similar provisions can now be found at 42 Pa. C. S. §8522.

exception to sovereign immunity provided for in Section 5110(a)(4)).

Accordingly, we enter the following

ORDER

AND Now, December 31, 1981, the order of the Court of Common Pleas of Philadelphia County, docketed to No. 1218 July Term, 1980, dated January 29, 1981, is affirmed.