June Walters and Robert L. Walters, Appellants v. Commonwealth of Pennsylvania, Department of Transportation et al., Appellees.

Argued March 12, 1984, before Judges WILLIAMS, JR., CRAIG and COLINS, sitting as a panel of three.

479

*Michael A. Karaffa,* with him *Bart M. Beier, Beier & Karaffa,* for appellants.

*Frank J. Micale,* Deputy Attorney General, with him *Herbert L. Olivieri,* Chief, Tort Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellees.

OPINION BY JUDGE CRAIG, April 11, 1984:

June and Robert L. Walters, husband and wife, appeal an order of the Court of Common Pleas of Allegheny County, which granted a motion for judgment on the pleadings in the Walters' tort action against the Pennsylvania Department of Transportation. We must determine whether the trial court erred when it concluded that the Walters' suit was barred by sovereign immunity.

In August, 1980, Mrs. Walters was injured in a two-car collision, which occurred on U.S. Route 22 in Westmoreland County. DOT had suspended the operating privileges of the driver of the other car, William Doberich, after he had been convicted of driving under the influence of alcohol. Doberich, who was killed in the accident, was uninsured, although he did have a valid Pennsylvania license plate and registration card.

The Walters sued DOT, alleging that Mrs. Walters' injuries were the result of DOT's negligence in failing to obtain physical custody of Doberich's driver's license, and allowing him to possess a license plate and registration card. The court of common pleas granted DOT's motion for judgment on the pleadings,[1] concluding that the alleged acts of negligence did not arguably fall within any of the eight statutory exceptions to sovereign immunity found in 42 Pa. C. S. §8522(b).

Before this court, the Walters contend that their case fits within three of those statutory exceptions, specifically the provisions covering motor vehicles, personal property, and dangerous conditions of highways.

The exception covering vehicle liability provides in relevant part:

(b) Act which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

(1) Vehicle liability.—The operation of any motor vehicle in the possession or control of a Commonwealth party. . . .

The Walters contend that DOT was in control of Doeberich's vehicle because it had the authority and

---

[1] When considering a motion for judgment on the pleadings, a trial court "must accept all of the well-pleaded allegations of the party opposing the motion as true, while only those facts specifically admitted by the party opposing the motion may be considered against him. . . . To prevail on such a motion, the moving party's right to prevail must be so clear that a trial would clearly be a fruitless exercise." *Board of Pensions and Retirement of the City of Philadelphia v. Bradley*, 65 Pa. Commonwealth Ct. 154, 156, 442 A.2d 26, 27 (1982).

duty to refuse to issue a license plate and vehicle registration to any uninsured vehicle, and the duty to revoke them if the insurance lapsed. The Walters rely on *Lyngarkos v. Department of Transportation*, 57 Pa. Commonwealth Ct. 121, 426 A.2d 1195 (1981) to support their position. However, because the decision in that case concerned only a private defendant, sovereign immunity was not an issue. Furthermore, the case involved an accident which occurred before the effective date of the statutory exceptions to sovereign immunity.

Because we cannot agree that DOT had control, in any functional sense, over Doberich's automobile, we concur with the trial court that the facts of this case do not fall within the statutory exception for vehicular liability.

The second exception to sovereign immunity which the Walters advance, the provision concerning personal property, reads in part:

> (3) Care, custody or control of personal property.—The care, custody or control of personal property in the possession or control of Commonwealth parties. . . .

The Walters argue that DOT had control over personal property—Doberich's driver license, license plate and registration card—but failed to exercise that control by gaining possession of those items.

DOT was not, however, in physical possession or actual control of any of those items, having only the option to negate their effectiveness by withdrawal; although the privileges they represent may have pertinence, the chattels themselves were in no way involved in the chain of causation.

The third exception which the Walters propose reads, in part:

(4) Commonwealth real estate, highways and sidewalks.—A dangerous condition of . . . highways under the jurisdiction of a Commonwealth agency. . . .[2]

The Walters contend that DOT created a dangerous highway condition by failing to obtain Doberich's driver's license, plate, and registration. In *Shakoor v. Department of Transportation,* 63 Pa. Commonwealth Ct. 571, 440 A.2d 647 (1981), we rejected the same argument with respect to a driver who had a valid registration but no insurance, deciding that failure to revoke the registration had not created a dangerous highway condition within the meaning of the statute. We see no reason to depart from the reasoning of *Shakoor* and therefore conclude that the exception is not applicable here.

Accordingly, we affirm.

ORDER

Now, April 11, 1984, the order of the Court of Common Pleas of Allegheny County, No. GD82-15591, dated March 16, 1983, is affirmed.

---

[2] The Walters also argued, as an alternative to subsection (4), that subsection (5)—Potholes and other dangerous conditions—was applicable. However, that provision clearly states that it embraces only those conditions "created by natural elements."