510 A.2d 391

Linda Ruff, Administratrix of the Estate of Allyson Ruff, Deceased, and James Ruff and Linda Ruff, as parents and natural guardians for Jared Ruff, a minor, and James Ruff and Linda Ruff, as individuals in their own right v. Baum's Bologna, Inc., Mercedes-Benz Truck Co., Inc., Pennsylvania Department of Transportation and Steven J. Byrne, Commonwealth of Pennsylvania, Department of Transportation, Petitioner.

Argued April 7, 1986, before Judges ROGERS and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Gary Stewart Seflin,* with him, *Alexis L. Barbieri,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for petitioner.

*Edward D. Conway,* with him, *Marvin W. Factor, Factor, McCabe, Weisberg & Totaro,* for appellees.

OPINION BY JUDGE ROGERS, June 3, 1986:

Linda Ruff, the administratrix of the estate of Allyson Ruff, deceased, and Linda and James Ruff as parents and natural guardians for Jared Ruff, a minor, and in their own right, brought suit in trespass against the Commonwealth Department of Transportation, Baum's Bologna, Inc., Mercedes-Benz Truck Co., Inc., and Steven J. Byrne claiming damages on account of injuries suffered by them when the car in which they were passengers was struck by a class two motor vehicle, a Mercedes-Benz truck, driven by Steven J. Byrne and owned by Baum's Bologna, Inc. The Commonwealth filed a motion for summary judgment which the

trial court refused. The Commonwealth then filed in this court a petition for review of that order, which, although interlocutory, we granted pursuant to the Advisory Council's note to Pa. R.A.P. 1311.

The Ruffs by their complaint described the Commonwealth's negligence as consisting of failing to require Steven J. Byrne to take a written and practical driver's examination "testing his skills, knowledge, training and capabilities in the use and operation of class two motor vehicles"; in issuing Byrne a license to operate class two motor vehicles; in failing to warn the Ruffs and the public of Byrne's incompetency and inability to operate a class two motor vehicle; in being without procedures to test the ability of the applicants for class two licenses; and in failing to discover that Byrne was incompetent to operate a class two motor vehicle.

In its motion for summary judgment, the Commonwealth asserted that the Ruffs' allegations did not describe negligence of a kind excepted from the rule of sovereign immunity by 42 Pa. C. S. §8522(b); so that it, the Commonwealth, was immune from liability pursuant to 42 Pa. C. S. §8521(a).

The trial court judge observed that 42 Pa. C. S. §8522(b)(4) provides for an exception to immunity for a "dangerous condition of . . . highways under the jurisdiction of a Commonwealth agency" and that the court in *Mistecka v. Commonwealth,* 46 Pa. Commonwealth Ct. 267, 273, 408 A.2d 159, 162 (1979), had referred to a Webster's dictionary definition of the word "condition" as importing "a state of affairs that hampers or impedes or requires correction." The trial judge on this basis concluded that the question of whether the conditions in this case were dangerous was for a jury. We disagree.

The plaintiffs in *Mistecka* averred that there was a history of unknown persons throwing rocks from a highway bridge overpass onto a state highway beneath; and

that they were injured by rocks thrown upon their vehicle at that place. We held that the plaintiff's description of the history of rock throwing at the place on the highway where they were injured sufficiently alleged a dangerous condition of the highway at that location.

In contrast, in *Shakoor v. Department of Transportation,* 63 Pa. Commonwealth Ct. 571, 440 A.2d 647 (1981), we rejected the argument that the Commonwealth Department of Transportation had created a dangerous condition of the highways within the meaning of 42 Pa. C. S. §8522(b)(4) by failing to revoke the operating privileges of an uninsured driver, holding that "[s]ince the negligent actions averred by the appellants would constitute negligent policies or activities as opposed to 'a dangerous condition of Commonwealth . . . highways under the jurisdiction of Commonwealth agencies,' we believe that the lower court correctly concluded that [42 Pa. C. S. §8522(b)(4)'s] exception to the general grant of sovereign immunity is inapplicable. . . ." 63 Pa. Commonwealth Ct. at 574, 440 A.2d at 649.

In *Walters v. Department of Transportation,* 81 Pa. Commonwealth Ct. 478, 474 A.2d 66 (1984), the plaintiffs were injured in a two-car collision. They contended that the Commonwealth Department of Transportation created a dangerous condition of the highways by its failure physically to lift the operator's license and vehicle registration of the other driver after that driver had earlier been convicted of drunken driving and had had his operating privileges suspended. We affirmed the trial court's order granting the Commonwealth's motion for summary judgment on the ground that the plaintiffs had not alleged a dangerous condition of the highways. Clearly *Shakoor* and *Walters,* not *Mistecka,* control this case.

Finally, the Ruffs' argument that statutory sovereign immunity is unconstitutional is without merit. *Marino*

*v. Seneca Homes, Inc.,* 63 Pa. Commonwealth Ct. 534, 439 A.2d 1287 (1981).

We reverse the order of the Court of Common Pleas of Philadelphia County, remand the record, and direct the trial court to grant the Commonwealth's motion for summary judgment. Jurisdiction is relinquished.

### ORDER

AND NOW, this 3rd day of June, 1986, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed. We remand the record and direct that the trial court grant the Commonwealth's motion for summary judgment. Jurisdiction is relinquished.