519 A.2d 528

Donna K. Snyder *v.* Kenneth C. Harmon, individually; et al. *v.* William J. Dombrowski and Kathleen A. Dombrowski, his wife et al. *v.* William J. Dombrowski and Kathleen A. Dombrowski, his wife, individually and trading and doing business as Sky View, a/k/a Sky View Lounge.

Susan R. Fleming *v.* Kenneth C. Harmon, individually; et al.

Mitchell R. Johnson *v.* Kenneth C. Harmon, individually; et al.

Mitchell R. Johnson, an incompetent, et al., Appellants.

Argued October 9, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Nicholas F. Lorenzo, Jr.,* for appellants, Mitchell R. Johnson, an incompetent, Susan R. Fleming and Donna K. Snyder.

*Robert A. Weinheimer,* with him, *Arthur J. Murphy, Jr., Arthur J. Murphy, Jr. & Associates, P.C.,* for appellees, William J. Dombrowski and Kathleen A. Dombrowski, his wife, individually and trading and doing business as Sky View, a/k/a/ Sky View Lounge.

*J. Elise Tourek,* Deputy Attorney General, with her, *Frank J. Micale, Sr.,* Deputy Attorney General, *Mark E. Garber,* Chief, Tort Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellees, Office of Attorney General, Departments of Transportation and Environmental Resources.

OPINION BY JUDGE DOYLE, December 19, 1986:

Donna K. Snyder, Susan R. Fleming and Mitchell R. Johnson (Appellants) appeal from an order of the Court of Common Pleas of Armstrong County granting summary judgment to Appellees Department of Transportation (DOT) and Department of Environmental Resources (DER) on the ground that Appellants' cause of action against these parties did not fall within any of the exceptions to sovereign immunity listed in Section 8522(b) of the Judicial Code (Code), 42 Pa. C. S. §8522(b). We affirm in part, reverse in part and remand this case for further proceedings not inconsistent with this opinion.

The facts as alleged indicate that alongside Legislative Route 33060 (L.R. 33060) in Oliver Township, Jefferson County, Pennsylvania, is a piece of property owned by Bruce Poole. Just prior to or during 1973, Poole entered into a lease with the Harmon Mining Company (Harmon), allowing Harmon to operate a strip mine on the property. In order to fully exploit the coal seams located on the Poole property, Harmon needed to mine closer to the roadway. In 1973, Harmon sought a variance from the DER allowing it to mine within 100 feet of L.R. 33060.[1] DER granted the variance, but imposed some conditions upon Harmon. Since there was an 80 foot vertical drop from the top of the "highwall" (the wall of the mine) which was approximately level with the roadbed of L.R. 33060, to the bottom of the strip mine, DER required Harmon to put an earthen embankment approximately four feet high on top of the mine highwall where it bordered L.R. 33060. This was required in order to prevent cars from driving off L.R. 33060 and into the pit.

After 1974, when Harmon commenced strip mining on that portion of the Poole property, the earthen embankment moved progressively closer to L.R. 33060. By 1980, the embankment even encroached at some points along the highway's right-of-way. This earthen embankment in 1980 was six to seven feet wide and 3.7 feet high and composed of loose dirt, rock and shale. The embankment appeared to be a small upward slope from L.R. 33060, and gave no indication that it was at the top of a strip mine highwall. The DER never required Harmon to post fences along the embankment before the accident involved in this case took place.

---

[1] Section 4.2 of the Surface Mining Conservation and Reclamation Act, Act of November 30, 1971, P.L. 554, *as amended*, 52 P.S. 1396.4b(c).

During the late evening hours of November 1, 1980 and early morning hours of November 2, 1980, the three Appellants were drinking in the Sky View Lounge on Route 36 in Punxsutawney, Pennsylvania. Also present in the Sky View with Appellants were Joyce Van Horn and Jerry Barrett. The Appellants, Van Horn and Barrett decided to leave the Sky View Lounge around 2:30 a.m. on November 2. Outside of the bar they met William Schaffer, and the six of them decided to take Barrett's car to some undisclosed location.

The Barrett vehicle drove along L.R. 33060 until one of the passengers mentioned that he had to relieve himself. Barrett stopped the car on the berm of L.R. 33060, directly adjacent to the Harmon embankment. Shortly thereafter, a large four wheel drive vehicle driven by defendant Gary Gruver pulled onto the berm in front of the Barrett vehicle and then proceeded to drive, in reverse, at a high rate of speed, toward the Barrett vehicle. Appellant Johnson, who was apparently out of the Barrett vehicle, scrambled up the embankment in an attempt to avoid being hit by the Gruver vehicle, and fell to the bottom of the strip mine. He was left a paraplegic by the fall. The sudden appearance of the Gruver vehicle also caused the female Appellants and Van Horn to exit the Barrett vehicle. Gruver then drove behind the Barrett vehicle on the berm and then drove forward towards the Barrett vehicle and the women on the berm. The women scrambled up the embankment and fell into the strip mine. Snyder and Fleming sustained serious injuries and Van Horn was killed. The spot where Appellant Johnson fell was approximately seven feet outside L.R. 33060's right-of-way and the spot where the women fell was approximately 12 feet outside the right-of-way. Subsequently, DER ordered Harmon to fence the portion of the highwall along L.R. 33060.

Appellants[2] filed suit in the Court of Common Pleas of Armstrong County. Defendants DOT and DER each moved for summary judgment on the ground that Appellants' cause of action against them did not fall within any of the exceptions to sovereign immunity contained in §8522(b) of the Code. The trial court granted both motions.

Appellants first contend that the trial court erred in holding that their cause of action against DER did not fall within any of the eight exceptions listed in Section 8522(b) of the Code. Appellants claim that DER was negligent in, *inter alia,* failing to require Harmon to put a fence around that portion of the highwall which bordered L.R. 33060; allowing Harmon to use the highway drainage ditch to prevent water from running into the strip mine; failing to warn of the existence of the strip mine highwall at that location; failing to inspect Harmon's operations and enforce applicable strip mining regulations, and allowing the embankment to encroach upon Commonwealth property at points along L.R. 33060. Appellants' argument is that DER, by its negligence, allowed a dangerous condition to exist on Commonwealth real estate, thereby bringing Appellants' cause of action within Section 8522(b)(4) of the Code, which creates an exception to the Commonwealth's immunity. This exception was, in pertinent part, as follows:

> (4) *Commonwealth real estate, highways and sidewalks.* A dangerous condition of Commonwealth agency real estate and sidewalks, includ-

---

[2] A separate action arising out of the same set of facts has been filed in the Court of Common Pleas of Jefferson County by the estate of Joyce Van Horn. DOT and DER have filed motions for summary judgment in that case, but that court has stayed determination of DOT's and DER's motions pending our determination of this appeal.

ing Commonwealth-owned real property . . . and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

42 Pa. C. S. §8522(b)(4).

Appellants' cause of action against DER does not fall within this Section. The mere fact that certain property or operations are subject to licensing and inspection by a Commonwealth agency is not, in and of itself, sufficient to state a claim cognizable under Section 8522(b). *Walters v. Department of Transportation*, 81 Pa. Commonwealth Ct. 478, 474 A.2d 66 (1984); *Shakoor v. Department of Transportation*, 63 Pa. Commonwealth Ct. 571, 440 A.2d 647 (1981); *Consolidated Rail Corp. v. Ingersoll-Rand Corp.*, 47 Pa. Commonwealth Ct. 304, 408 A.2d 183 (1979). To fall within this Section, Appellants would have to show that DER had title, ownership, physical possession or actual control over Harmon's property or had jurisdiction over the legislative route, and Appellants have not done so. *Walters*, 81 Pa. Commonwealth Ct. at 482, 474 A.2d at 67. Moreover, the gravamen of Appellants' averments is that DER negligently failed to enforce applicable strip mining laws and regulations, not that it permitted the existence of a dangerous condition on property DER owns or leases. DER's alleged negligent failure to enforce its governing statutes and rules in this case, therefore, does not fall within Section 8522(b)(4). *Shakoor*, 63 Pa. Commonwealth Ct. at 573-74, 440 A.2d at 649.

With respect to DOT, however, we hold that Appellants have pled facts sufficient to show that a dangerous condition may have existed, so as to fall within the terms of Section 8522(b)(4). We have stated that the word "condition", as it is used in the phrase, "a dangerous condition of Commonwealth agency real estate. . . .", refers to a state of affairs that hampers or impedes

or that requires correction. *Mistecka v. Commonwealth,* 46 Pa. Commonwealth Ct. 267, 273, 408 A.2d 159, 162 (1979); *Wyke v. Ward,* 81 Pa. Commonwealth Ct. 392, 399-400, 474 A.2d 375, 379 (1984). The absence of a guardrail along L.R. 33060, an allegation specifically pled by Appellants (R.R. 34(a)), is something which if corrected would have reduced the risk that travelers on the highway would fall into the strip mine. The absence of the guardrail alongside the roadway on land owned or under the jurisdiction of DOT is, therefore, a dangerous condition *on Commonwealth property,* as the lack of the guardrail increases the danger of falling off an 80-foot precipice into the strip mine.

This case is similar to *Lutzko v. Mikris, Inc.,* 48 Pa. Commonwealth Ct. 75, 410 A.2d 370 (1979). In *Lutzko,* a home owned by Lutzko was continually flooded during rainstorms due to the negligent construction of a subdivision that altered the contour of the land, thereby changing its natural drainage and causing the flooding of Lutzko's property. Some of the defendants in that case sought to join DOT as an additional defendant for failing to maintain proper drainage along a road under DOT's jurisdiction abutting Lutzko's property, and negligently changing the grade of the road without installing appropriate drainage. This Court allowed joinder of DOT in that case because, although the injury to Lutzko occurred in an area off Commonwealth property, the dangerous condition which caused the injury, the lack of proper drainage along the state road, was on Commonwealth property. The instant case presents a similar situation in that, although the fall into the strip mine *off* Commonwealth property was the immediate cause of Appellants' injuries, the lack of a guardrail *on* the legislative route was the dangerous *condition* that might also have caused the injury to happen. The trial court erred, then, in holding that Appellant's cause of

action against DOT did not fall within any of the eight categories contained in Section 8522(b).

DOT urges us to affirm the summary judgment on two other grounds. First, DOT argues that having to relieve oneself on the side of the roadway is not an incident of ordinary highway travel and therefore is unforeseeable as a matter of law. *Biearman v. Allegheny County,* 145 Pa. Superior Ct. 330, 21 A.2d 112 (1941). Second, DOT claims that the conduct of defendant Gruver was a superseding, intervening cause of the injury to Appellants, thus relieving DOT of liability. *Bleman v. Gold,* 431 Pa. 348, 246 A.2d 376 (1968). These issues, however, pertain to a defense on the merits which have not yet been addressed by the trial court, and will be properly presented to the trial court upon remand.

That portion of the order of the Court of Common Pleas of Armstrong County granting summary judgment to DER is affirmed; that portion of the same order which granted summary judgment to DOT is hereby reversed and the case is remanded for further proceedings not inconsistent with this opinion.

## Order

Now, December 19, 1986, the Order of the Court of Common Pleas of Armstrong County, dated July 22, 1985, granting summary judgment to the Department of Environmental Resources is hereby affirmed; the portion of the aforementioned order of the Court of Common Pleas granting summary judgment to the Department of Transportation is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Jurisdiction relinquished.