537 A.2d 966

Ernest F. Giovannitti, in his own right and as Executor of the Estate of Beverly S. Giovannitti, Deceased, and as the parent and natural guardian of Rhonda, Jennifer and Michael Giovannitti, Minors, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued November 17, 1987, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert W. Barton, Killian & Gephart,* for appellant.

*Stephen E. Geduldig,* Deputy Attorney General, with him, *Victor P. Stabile,* Deputy Attorney General, and *Mark E. Garber, Jr.,* Chief, Torts Litigation Unit, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 22, 1988:

Ernest Giovannitti, in his own right and as Executor of Beverly Giovannitti's estate, appeals a Cumberland County Common Pleas Court order sustaining the Pennsylvania Department of Transportation's (DOT) preliminary objections in the nature of a demurrer and dismissing his complaint. We affirm.

Beverly Giovannitti was killed when Leland Anderson, a licensed Pennsylvania motorist, suffered a heart attack while driving his car. Anderson's vehicle crossed over into the oncoming traffic lanes and struck Mrs. Giovannitti's car. Ten months earlier a physician had advised DOT of Anderson's history of cardiovascular disease and loss of consciousness. DOT took no action to revoke Anderson's license.

Giovannitti instituted a trespass action against DOT, averring that his wife's death was the result of DOT's negligence in failing to inquire into Anderson's fitness or to obtain physical custody of his driver's license. The common pleas court granted DOT's preliminary objections,[1] concluding that the averred acts of negligence

---

[1] In ruling upon preliminary objections in the nature of a demurrer, all well-pleaded facts and any inferences deducible therefrom must be accepted as true. *Bahian v. Department of Public Welfare,* 89 Pa. Commonwealth Ct. 644, 493 A.2d 803 (1985). A demurrer can only be sustained where the law says with certainty that no recovery is possible. *Hoffman v. Misericordia Hospital,* 439 Pa. 501, 267 A.2d 867 (1970).

did not arguably fall within any of the eight statutory exceptions to sovereign immunity found in Section 8522 of the Judicial Code.[2]

On appeal, Giovannitti argues that the common pleas court erred because a jury could reasonably conclude that: (1) DOT exercises control over operators' licenses and its control extends to a right to recall; and (2) DOT's negligence in failing to act after receiving notice of a physically incompetent driver was the legal cause of Mrs. Giovannitti's death.

However, we hold that these contentions are misplaced because Giovannitti fails to aver facts which, if

---

[2] 42 Pa. C. S. §8522(b). The applicable portions state, in pertinent part:

(b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

(3) **Care, custody or control of personal property.**—The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials.

(4) **Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency in Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

proven, would fall within an exception to sovereign immunity.

In *Walters v. Department of Transportation,* 81 Pa. Commonwealth Ct. 478, 474 A.2d 66 (1984), we held that the personal property exception was inapplicable to a complaint alleging DOT's negligent failure to revoke a license plate and registration card. Herein, although DOT may have had a duty to recall Anderson's license,[3] this authority to revoke does not involve physical possession or actual control sufficient to bring the license within the ambit of 42 Pa. C. S. §8522(b)(3). Furthermore, as the *Walters* Court noted, "the chattels [license plate and registration card] themselves were in no way involved in the chain of causation." *Id.* at 481, 474 A.2d at 67.

Likewise, the failure to revoke an operator's license does not create a dangerous highway condition within the meaning of 42 Pa. C. S. §8522(b)(4), *Shakoor v. Department of Transportation,* 63 Pa. Commonwealth Ct. 571, 574, 440 A.2d 647, 649 (1981). In *Shakoor,* where the plaintiff alleged DOT's failure to investigate liability insurance coverage and to revoke an operator's license, we held that, although the action averred would constitute negligent policies or activities,[4] it does not fit within the dangerous highway condition exception to sovereign immunity. *Id.* at 574, 440 A.2d at 649.

---

[3] "The department shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter." 75 Pa. C. S. §1519(c).

[4] *See also Nicholson v. M & S Detective Agency, Inc.,* 94 Pa. Commonwealth Ct. 521, 503 A.2d 1106 (1986), where we held that irrespective of any duty the Pennsylvania State Police had to search its records in order to prevent known criminals from being employed by private security agencies, Act of August 21, 1953, P.L. 1273, *as amended,* 22 P.S. §23, Nicholson's action was nevertheless barred since it did not fall within any of the sovereign immunity exceptions.

Unfortunately, the issue here is not one of legal cause but whether Giovannitti stated a cause of action contemplated under the Judicial Code.

Accordingly, we are constrained to affirm the common pleas court.

### ORDER

The order of the Cumberland County Common Pleas Court, No. 325 Civil 1986 dated April 15, 1986, is affirmed.