## Solyan v. Fontana

*Hunter A. McGreary Jr.,* for plaintiffs.

*Terrence P. Cavanaugh,* for defendant Wesleyville Police Department.

LEVIN, *J.,* August 11, 1988—This matter comes before the court on a motion for summary judgment filed on behalf of defendants Borough of Wesleyville and the Wesleyville Police Department.

Plaintiffs brought the above-captioned action against the borough and police department for injuries sustained by Steven Solyan after he was run over by an intoxicated automobile driver. On the evening of May 1, 1985, Steven Solyan was in attendance at a party in his own apartment where alleged underage drinking and intoxication occurred. During the course of the party, the Wesleyville Police Department answered two calls in response to neighbors' complaints concerning Steven Solyan's apartment. Plaintiffs allege that no corrective action was taken by the Wesleyville Department. Sometime later an intoxicated Louis Fontana, insisting on driving home, backed over plaintiff Steven Solyan as he was standing behind Fontana's automobile.

Pursuant to the consent of all parties, the arguments of both the Borough of Wesleyville and the

Wesleyville Police Department were heard on Tuesday, August 2, 1988, as they involved the same issues regarding notice and governmental immunity. Both defendants plead governmental immunity in support of their motion for summary judgment. In addition, defendants claim that plaintiffs failed to provide written notice of their claim to the Borough of Wesleyville or the Wesleyville Police Department within the statutory time period set forth in 42 Pa.C.S. §5522.

The issue of notice is rendered moot based on this court's decision regarding governmental immunity.

The Borough of Wesleyville and its police department, as governmental units, are subject to the provisions of the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. Pursuant to the act, governmental immunity is waived only by the limited number of exceptions found at 42 Pa.C.S. §8542. Plaintiffs contend that their cause of action against the borough and police department falls within the streets exception to the act, set out in pertinent part below:

"(b)(6) *Streets* —

"(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition." 42 Pa.C.S. §8542(b)(6)(i).

It is defendants' position that plaintiffs have failed to meet the requirements for a waiver of governmental immunity and that summary judgment should be entered in defendants' favor.

Summary judgment is properly granted in those cases where the evidence of record, taken as a whole, does not present a genuine issue as to any material fact. Pa.R.C.P. 1035(b). Where the court so concludes, after examining the entire record in the light most favorable to the non-movant and accepting as true all well-pled facts, then the movant is entitled to judgment as a matter of law. *Thorsen v. Iron and Glass Bank,* 328 Pa. Super. 135, 140-1, 476 A.2d 928, 930 (1984).

The precise issue before the court is where there are averments that local governmental police units failed to stop underage drinking and failed to stop individuals from driving while intoxicated, do those omissions create a dangerous condition with respect to the municipality's streets and highways, as set forth in the statutory exception to governmental immunity?

The streets exception to governmental immunity requires a threshhold determination that the condition of the street was dangerous. Event taking plaintiffs' allegation as true with regard to the proof requirements of foreseeability and notice of the condition under the statute, 42 Pa.C.S. §8542(b)(6)(i), their claim will be dismissed as a matter of law absent allegations sufficient to show the existence of a dangerous condition.

The streets exception to the governmental immunity statute is easily applied in cases where a dangerous condition of the street itself exists, for example, the potholes cases. In fact, the law of governmental immunity has developed past the point where only conditions *of* or *on* the highway are recognized under the exception. When factual scenarios arise that were not originally contemplated by the legislature, as in the instant case, both prior case law and analogy are valuable yet limited

tools to utilize in disposing of a case. As stated by Justice Felix Frankfurter:

"The intrinsic difficulties of language and the emergence after enactment of situations not antici- pated by the most gifted legislative imagination, re- veal doubts and ambiguities in statutes that compel judicial construction. . . . Even within their area of choice the courts are not at large. They are confined by the nature and scope of the judicial function in its particular exercise in the field of interpretation. They are under the constraints imposed by the judi- cial function in our society. . . . To go beyond [them] is to usurp a power which our democracy has lodged in its elected legislature." Frankfurter, *Some Reflec- tions on the Readings of the Statutes,* 47 Colum. L. Rev. 527, 527-34, 538-45 (1947).

One of the most liberal constructions of the sover- eign immunity exceptions to date was by the Com- monwealth Court in *Mistecka v. Commonwealth of Pennsylvania,* 46 Pa. Commw. 267, 408 A.2d 159 (1979). In *Mistecka,* plaintiff-motorist was struck and injured by a large rock thrown by unknown third parties from a bridge which crossed the high- way. Plaintiff sued the commonwealth, claiming that the circumstances fell within the highways ex- ception to sovereign immunity. The court held that plaintiff's complaint sufficiently alleged the exist- ence of a dangerous condition for purposes of statu- tory waiver of sovereign immunity. In essence, the *Mistecka* court broadened the scope of potential sovereign liability in highway and streets cases to include some acts of third parties which result in dangerous conditions upon government property. That court defined dangerous condition as "a state of affairs that hampers or impedes or requires cor- rection." *Id.* at 273, 408 A.2d at 162 (1979). None- theless, that court qualified its broad definition. The

circumstances involved must give rise to a condition that is both related to travel on the highway, and is *conceivably correctable*.

As a result of the *Mistecka* holding, a wealth of cases came before the courts, forcing them to interpret the scope of the statutory sovereign immunity exceptions.

At the farthest extreme, acts by animals creating conditions on the streets were held not to fall within the definition of the dangerous condition exception. A claim for injuries sustained by a pedestrian when she was attacked by a stray dog on a city sidewalk did not fall within the dangerous condition of sidewalks exception to municipal immunity. *Jenkins v. Kelly*, 92 Pa. Commw. 140, 498 A.2d 487 (1985). In *Rippy v. Fogel*, 108 Pa. Commw. 296, 529 A.2d 609 (1987), a plaintiff who was injured when the automobile he was riding in collided with a deer brought suit against the commonwealth alleging that the exception to sovereign immunity contained in 42 Pa.C.S. §8522(b)(4) applied. The court in *Rippy* held that a deer on the highway was not a dangerous condition upon which to predicate commonwealth liability, primarily due to the fact that this type of condition was not conceivably correctable, citing *Mistecka, supra*.[1] Important to note

---

1. It was the *Rippy* court which had previously ruled in the *Mistecka* case. Ironically, a dissenting/concurring member of the *Mistecka* court had expressed the concern that the very set of circumstances in the *Rippy* case would occur in the future, supporting his belief that the majority had gone too far. "If the majority interpretation is correct, then any off-highway activity injuring persons driving on state highways will be conditions chargeable to the commonwealth. Today it is persistent rock throwers and tomorrow it may be recurrent sniper's bullets or annual deer hunters' errant shooting. Today's holding will logically result in the commonwealth's being sub-

is that the Commonwealth Court, in a footnote to the *Rippy* case, questioned the validity of its own holding in *Mistecka* after the Pennsylvania Supreme Court decision in *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).[2]

Falling along the continuum between the easy question of dangerous conditions actually *on* the highways (e.g. potholes), and the examples of conditions caused by animals which do not constitute a waiver of sovereign immunity, are a group of recent cases dealing with commonwealth immunity vis-a-vis the actions of third party automobile drivers. These situations have consistently been held *not* to fall within the dangerous condition exception to immunity, and are more closely analogous to the theory set forth by plaintiffs in the case at bar.

In *Shakoor v. Department of Transportation,* 63 Pa. Commw. 571, 440 A.2d 647 (1981), the court rejected the argument that the Commonwealth Department of Transportation had created a dangerous condition of the highways by failing to revoke the operating privileges of an uninsured co-defendant driver. The *Shakoor* court emphasized the distinction between *negligent policies or activities of the sovereign* as opposed to *dangerous conditions of commonwealth highways.* The court in *Walters v.*

---

ject to suit in every automobile accident on a state highway caused by a deer or other wild animal in crossing the road, since surely the commonwealth is chargeable with the knowledge that such animals do so with great frequency." *Mistecka v. Commonwealth of Pennsylvania,* 146 Pa. Commw. 267, 278, 408 A.2d 159, 164 (1979) (Mencer, *J.,* concurring and dissenting).

2. "We have grave doubts that *Mistecka* is even the law following the Supreme Court's recent decision in *Mascaro v. Youth Study Center." Rippy v. Fogel,* 108 Pa. Commw. 296, 299, 529 A.2d 609, 610 (1987).

*Department of Transportation,* 81 Pa. Commw. 478, 474 A.2d 66 (1984) again dismissed the theory that the Department of Transportation had created a dangerous condition of the highway, this time in its failure to physically lift the operator's license and vehicle registration from a driver who had been convicted of driving while intoxicated on an earlier occasion, subsequently injuring plaintiff in an automobile collision. Finally, in *Ruff v. Baum's Bologna Inc.,* 97 Pa. Commw. 611, 510 A.2d 391 (1986), the court rejected the argument of a plaintiff injured in a truck collision that the Department of Transportation created a dangerous condition by failing to test the defendant truck driver's skills, by issuing a license to said truck driver, and by failing to discover and warn the public that the truck driver was an incompetent operator. The above three cases illustrate the instances of alleged acts of negligence by a sovereign insufficient to constitute a dangerous condition of the highway, and not falling within any of the enumerated exceptions to sovereign immunity.

In large part, the plaintiffs base their claim of statutory exemption from the Pennsylvania Political Subdivision Tort Claims Act in reliance on the holding of *Mistecka, supra.* On the facts of the instant case, the *Mistecka* case is distinguishable. There is a sharp distinction between the acts of third parties throwing items off a bridge onto a highway and acts of intoxicated third parties driving automobiles. While the law should expand to meet curent needs, an extension of the streets exception as applied to areas "where people are drinking" far exceeds the range of liability currently attributable to governmental units.

Further, there is a wide gap between acts of third parties imputable to the sovereign which create

dangerous conditions on the highways, as in *Mistecka,* in contrast to alleged negligent policies or activities of a sovereign with regard to controlling the acts of third parties which might later result in dangerous conditions, as plaintiffs argue in the case at bar. The latter do not qualify as exceptions to governmental immunity. See *Shakoor v. Department of Transportation, supra.*

Plaintiffs assert that the streets exception to governmental immunity applies because a dangerous condition was created when police officers failed to act in response to an underage drinking party. This situation is analogous to one where a police officer sees a person park his car and enter a bar. A dangerous condition of the streets does not exist at that moment, nor when the person (now intoxicated) exits the bar, nor when the intoxicated party enters his automobile, nor, in fact, when that person begins to drive on the street. There is no dangerous condition of the street, creating a reasonably foreseeable risk of potential injury with which the police officer could reasonably be charged, until cause exists to stop the vehicle for a traffic violation. The same analysis would produce a similar result as applied to plaintiffs' argument. Therefore, this court must rule in favor of defendants.

As a final note, the Pennsylvania Supreme Court has recently spoken to the broad issue of interpretation of the eight enumerated exceptions to governmental immunity, as set forth below:

"We believe the legislature has clearly precluded the imposition of liability on itself or its local agencies for acts of third parties by its language of section 8541, *supra,* and that it has not seen fit to waive immunity for these actors or their acts *in any of the eight exceptions.*" (emphasis supplied) *Mascaro v.*

*Youth Study Center,* 514 Pa. at 363, 523 A.2d at 1124 (1987).

Although this court questions the continued validity of the Pennsylvania governmental immunity statute, and notes the extent to which that doctrine has been eroded, in the words of Justice Marshall, "judicial power is never exercised for the purpose of giving effect to the will of the judge, always for the purpose of giving effect . . . to the will of the law." *Osborn v. Bank,* 22 U.S. (9 Wheat.) 738, 886 (1824). Consequently, this court is limited to applying the governmental immunity statute and its exceptions in accordance with established precedent and the intent of the legislature.

Based on the foregoing, this court concludes that the circumstances surrounding plaintiffs' cause of action do not constitute a dangerous condition within the meaning of the statutory waiver of governmental immunity at 42 Pa.C.S. §8542(b)(6)(i). As such, the defendants Borough of Wesleyville and Wesleyville Police Department are immune from suit pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq., and their motion for summary judgment is granted.

### ORDER

And now, August 11, 1988, it is hereby ordered, adjudged and decreed that the motions for summary judgment filed by defendants Borough of Wesleyville and Wesleyville Police Department are granted.