Hartmetz v. Blosenski

2

*Stephen H. Palmer,* for plaintiffs.

*James A. Cunningham,* for defendant Joseph Blosenski Jr.

*William H. Lamb,* for defendant Ada Blosenski.

*Donald Litman, deputy attorney general,* for defendant, Commonwealth of Pennsylvania, Department of Environmental Resources.

WOOD, *P.J.,* December 4, 1991—This matter comes before me on the motion of summary judgment of additional defendant Commonwealth of Pennsylvania, Department of Environmental Resources. For the reasons set forth below, I hereby grant the motion.

This action arises from a claim by plaintiffs Hartmetz against, among others, Joseph Blosenski Jr. and his wife Ada Blosenski (hereinafter collectively referred to as "Blosenski") for operating and maintaining a dump site and permitting the dumping of toxic waste into the dump. The result of said dumping has allegedly injured neighboring property owners. Blosenski, in turn, filed a complaint against DER alleging that any damages sustained by plaintiffs were caused as a result of actions or inactions of DER.

According to paragraph 8 of the complaint, such actions or inactions "wrongfully, negligently, intentionally or unreasonably hindered or legally prevented Blosenski from preventing or minimizing harm . . . to plaintiffs or others from the ground site . . . in that since approximately 1979 it refused to approve or wrongfully disapproved plans and measures for cleanup and closure of said site and barred or hindered partial or initial measures in the interim all of which were intentional, reckless, negligent, careless and/or violative of the laws of the Common-

wealth of Pennsylvania and the Constitution and laws of the United States." Blosenski complaint, paragraph 8.

Additional defendant DER is a "Commonwealth party" for purposes of applying sovereign immunity: 42 Pa.C.S. §8501 *et seq.*

DER has moved for summary judgment and requests that I dismiss it from this suit on the basis that it is immune. In his response to the motion, Blosenski contends that DER does not enjoy sovereign immunity. Blosenski contends that DER asserted jurisdiction and control over the dump in 1971. Thus, since the Pennsylvania Supreme Court abolished sovereign immunity on July 14, 1978, in the case of *Mayle v. PennDOT,* 479 Pa. 384, 388 A.2d 709 (1978), DER can be held liable for its actions or inactions from 1971 until the reinstatement of sovereign immunity on September 28, 1978. Blosenski further argues that DER's conduct after September 28, 1978, is actionable as it falls within three of the nine statutory categories of waiver of immunity: 42 Pa.C.S. §8522(b). Defendant also asserts that sovereign immunity is unconstitutional and that as a matter of public policy a ruling against immunity is essential to provide funding for cleanup projects.

I am unpersuaded by defendant's contention that the Sovereign Immunity Act is unconstitutional. Although some justices of our state Supreme Court apparently would find the Act invalid, I am obliged to follow the majority's finding of constitutionality: *Lyles v. PennDOT,* 512 Pa. 322, 516 A.2d 701 (1986); *Smith v. City of Philadelphia,* 512 Pa. 129, 516 A.2d 306 (1986); *appeal denied, Smith v. City of Philadelphia,* 479 U.S. 1074, 107 S.Ct. 1265, 94 L.Ed.2d 127 (1987); *Ruff v. Baum's Bologna Inc.,* 97 Pa.

4

Commw. 611, 510 A.2d 391 (1986), *appeal denied,* 514 Pa. 651, 524 A.2d 497 (1987).

The question of whether additional defendant DER committed acts or omissions during a period of time in which sovereign immunity did not apply is not an issue here. Defendant's complaint against DER is quite clear; it states that DER "wrongfully, negligently, intentionally or unreasonably hindered or legally prevented Blosenski from preventing or minimizing harm . . . to plaintiff or others from the ground site . . . in that *since approximately 1979* it refused to approve or wrongfully disapproved plans and measures for cleanup and closure. . . ." These claims against DER for its acts. or omissions fall *after* the date that sovereign immunity was reinstated. Having determined that DER is clothed with sovereign immunity, I now examine whether any of the acts or omissions of DER fit within the nine statutory exceptions to sovereign immunity: 42 Pa.C.S. §8522(b)(1-9).

Only three waiver categories are even remotely applicable to this action: the exception for health care personnel (42 Pa.C.S. §8522(b)(2)); the personal property exception (42 Pa.C.S. §8522(b)(3)); and the real estate exception (42 Pa.C.S. §8522(b)(4)). Exceptions to sovereign immunity are to be strictly construed: *Casey v. Geiger,* 346 Pa. Super. 279, 499 A.2d 606 (1985), *allocatur denied,* 516 Pa. 638, 533 A.2d 710 (1987).

Blosenski contends that the duties of DER make its personnel "health care employees" for purposes of 42 Pa.C.S. §8522(b)(2). However this waiver section reads:

"(2) Medical-professional liability—Acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth

party who is a doctor, dentist, nurse or related health care personnel." 42 Pa.C.S. §8522(b)(2).

This exception is inapplicable for purposes of this suit. Defendant Blosenski's complaint is against DER—not DER's employees or personnel. Although DER is a Commonwealth party, DER is not a "doctor, dentist, nurse or related health care personnel."

Defendant also argues that the personal property exception applies to this action. At argument, defendant's counsel claimed that the polluted ground water under the landfill was "personal property" for purposes of this subsection. I cannot agree with such a characterization; if anything, such ground water is real property: *See, Davidow v. Anderson*, 83 Pa. Commw. 86, 476 A.2d 998 (1986). This brings me to the last exception claimed by defendant, the real estate exception.

The real property exception allows for Commonwealth liability for damages caused by a "dangerous condition of Commonwealth agency real estate . . . including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons . . . ." 42 Pa.C.S. §8522(b)(4). The record raises no doubt as to the ownership of the property; all parties agree that Blosenski owns the landfill from which the alleged damage exudes. It is not Commonwealth-owned real property, a leasehold in the possession of a Commonwealth agency nor is it Commonwealth-owned real property leased by an agency to a private person.

Defendant's last claim is that as a matter of public policy a waiver of immunity is necessary in cases such as this one in order to provide for the appropriate funding of the cleanup. I am unconvinced by

6

this line of argument. The heart of defendant's complaint against DER is a cause of action for negligent regulation and such a claim is not actionable under current law: *see Kline v. Pennsylvania Mines Corp.*, 120 Pa. Commw. 7, 547 A.2d 1276 (1988).

I now enter the following

## ORDER

And now, December 4, 1991, upon careful consideration I hereby grant additional defendant Commonwealth of Pennsylvania, Department of Environmental Resource's motion for summary judgment and dismiss additional defendant DER from this action with prejudice.