**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3011
_____

SHEILA MARIE EYAJAN,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA, Department of Driving Transportation;
CALIFORNIA DEPARTMENT OF MOTOR VEHICLES

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1:21-cv-00267)
District Judge: Honorable Susan Paradise Baxter

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 20, 2023

Before: SHWARTZ, BIBAS, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: April 21, 2023)

_____

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Sheila Marie Eyajan appeals from an order of the District Court denying her motion to reconsider its dismissal of her complaint. We will affirm.

I.

Eyajan filed this suit against the Pennsylvania Department of Transportation ("Penn-DOT") and the California Department of Motor Vehicles ("DMV") raising claims based on her citation in Ohio for driving on a suspended license. According to Eyajan, PennDOT suspended her license in 2019 but failed to inform the California DMV of that fact when she later applied with the California DMV for a "one trip" permit to drive a car that she bought in California back to Pennsylvania. Eyajan alleges that, if PennDOT had provided accurate information, then the California DMV would not have issued the permit and she would not have been driving when she was cited in Ohio. On the basis of these allegations, Eyajan purported to assert claims based on various federal criminal statutes and a claim for "false sale of goods and services."

The District Court granted Eyajan leave to proceed in forma pauperis and dismissed her complaint under 28 U.S.C. § 1915(e)(2)(B) on numerous grounds, including Eleventh Amendment immunity. Eyajan filed a timely motion for reconsideration under Fed. R. Civ. P. 59(e), which the Court denied. She now appeals.

II.

We have jurisdiction under 28 U.S.C. § 1291. Eyajan's appeal from the denial of her timely Rule 59(e) motion also brings up for review the underlying order dismissing her

complaint.  See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.20 (3d Cir. 2012).[1] We exercise plenary review over the order of dismissal and over the denial of Eyajan's Rule 59(e) motion to the extent that it was based legal issues, though we review the ultimate denial of that motion only for abuse of discretion.  See id. at 446-47 & n.20.

Having conducted our review, we will affirm on the ground that Eyajan's suit is barred by the Eleventh Amendment.  Eyajan does not challenge the dismissal of her complaint against the California DMV on Eleventh Amendment or other grounds.  To the contrary, she argues that the District Court should have let her amend her complaint by dropping the California DMV as a defendant, which she apparently believes would have saved her claims against PennDOT.  Such amendment would not have done so because PennDOT remains immune from this suit as the District Court explained.

Under the Eleventh Amendment, states and arms of the states generally are immune from suit in federal court.  See Geness v. Admin. Office of Pa. Courts, 974 F.3d 263, 269 (3d Cir. 2020), cert. denied, 141 S. Ct. 2670 (2021).  Eyajan does not dispute that PennDOT is an arm of the state for this purpose, and we have recognized that it is.  See Daye v. Pennsylvania, 483 F.2d 294, 295-96, 299 (3d Cir. 1973); see also Merritts v. Richards, __ F.4th __, No. 19-1335, 2023 WL 2532055, at *3-4 (3d Cir. Mar. 16, 2023) (holding that official-capacity claims against PennDOT officials did not qualify for an exception to

[1] When Eyajan filed her Rule 59(e) motion, she also filed a notice of appeal from the order of dismissal (C.A. No. 22-2205).  Our Clerk later dismissed that appeal because Eyajan did not file a brief.  In her brief in the present appeal, Eyajan asserts that she would like to "merge" the two appeals.  No relief in that regard is necessary because Eyajan's present appeal encompasses the underlying order of dismissal.  See Fed. R. App. P. 4(a)(4)(A)(iv); Long, 670 F.3d at 446 n.20.

Eleventh Amendment immunity).  Eyajan does raise three other arguments that are relevant to the issue of immunity, but none has merit.

First, Eyajan agues that she is a Pennsylvania citizen and that the Eleventh Amendment does not prevent her from suing her own state.  But while the Eleventh Amendment's text does not address suits against states by their own citizens, it embodies principles of immunity that bar such suits as well.  See Allen v. Cooper, 140 S. Ct. 994, 1000 (2020); Geness, 974 F.3d at 269.

Second,[2] Eyajan relies on a Pennsylvania statute waiving sovereign immunity from claims based on a Commonwealth party's "care, custody or control of personal property." 42 Pa. Cons. Stat. § 8522(b)(3).  This waiver does not apply to suits in federal court.  See Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020) (citing 42 Pa. Cons. Stat. § 8521(b)); Chittister v. Dep't of Cmty. & Econ. Dev., 226 F.3d 223, 226-27 (3d Cir. 2000) (same); see also Beaver Valley Power Co. v. Nat'l Eng'g & Contracting Co., 883 F.2d 1210, 1217 n.6 (3d Cir. 1989) (recognizing that § 8522(b)(3) waives PennDOT's sovereign immunity from suits in state court).  Eyajan also cites no authority suggesting that her claims fall under the "personal property" exception, and we have located none.  Cf. Giovannitti v. Dep't of Transp., 537 A.2d 966, 968 (Pa. Commw. Ct. 1988) (holding that this exception did not apply to a claim that PennDOT should have recalled a driver's license).

Third, Eyajan appears to argue that she can assert her claims against PennDOT under 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964.  But § 1983 does not

___

[2] Eyajan forfeited her second and third arguments because she did not raise them in the District Court, but we will address them on their merits.

abrogate the Eleventh Amendment immunity of states or arms thereof, <u>Downey</u>, 968 F.3d at 310, which are not "persons" amendable to suit under § 1983 in any event, <u>see</u> <u>Karns v. Shanahan</u>, 879 F.3d 504, 519 (3d Cir. 2018). And although Congress has abrogated states' immunity from Title VI suits, <u>see</u> <u>Doe v. Cnty. of Centre</u>, 242 F.3d 437, 457 (3d Cir. 2001), Eyajan has not alleged discrimination or anything else suggesting that she could state a claim under that statute. Nor has she otherwise raised anything suggesting that she could amend her complaint to state any viable claim.[3]

III.

For these reasons, we will affirm the judgment of the District Court.

---

[3] There is an exception to Eleventh Amendment immunity for certain claims for injunctive relief against state officials in their official capacities. <u>See</u> <u>Merritts</u>, 2023 WL 2532055, at *3 (discussing <u>Ex parte Young</u>, 209 U.S. 123 (1908)). Eyajan does not argue that any of her claims qualifies for this exception, but we note that none does. In her complaint, Eyajan requested both monetary damages and an order "reversing" PennDOT's underlying suspension of her license. Eyajan's request for reversal of the suspension could not proceed under <u>Ex parte Young</u> even if she named an appropriate PennDOT official as a defendant because she sought this remedy to redress a past injury, not to cure an ongoing violation of federal law. <u>See</u> <u>Merritts</u>, 2023 WL 2532055, at *3-4. In any event, Eyajan does not claim that the suspension of her license was unlawful and does not allege any circumstance suggesting that reversal of the suspension might be a proper remedy for the claims that she does raise.